Michael Knopf and another *vs.* Nils P. Hansen, impleaded, etc.

## July 18, 1887.

**Deed—Delivery in Escrow—Performance of Contract.**—Where, in pursuance of a contract between certain parties, a deed executed by one of them was deposited with a third person for delivery to the other, who was the grantee therein, upon a fulfilment by him of the terms of the contract, *held*, that the deed was delivered in escrow, and that the grantee was entitled to the same upon proof of a compliance with the stipulated conditions on his part.

**Deed of Homestead—Suit to enforce Delivery—Joinder of Wife.**—And where, in such case, the grantor's wife joined with him in the execution of the deed before the conditional delivery thereof, *held*, that the homestead rights were thereby waived, and that she was not a necessary party to an action to enforce a final delivery of the deed under the contract.

**Contract for Sale of Stock of Goods—Tender and Performance.**—By the terms of the contract the consideration of the deed was the sale and delivery of a stock of goods, and a transfer of the lease of the store build-

ing. An invoice of the goods had also been made as required by the contract, and the amount and value thereof fixed to the satisfaction of both parties, and, upon the second day after the completion thereof, the vendor was ready to deliver the same, and duly tendered to the purchaser the key of the store where the goods were, and an assignment of the lease duly executed, as and for a delivery of the property agreed to be transferred, and, upon the refusal of the latter to accept the same, made a deposit thereof with the holder of the deed for the use and benefit of the purchaser. There being no change in fact in the amount or condition of the goods, and no objection being made by him to the form or place of the tender, evidence of the foregoing facts *held* sufficient to show a compliance with the terms of the contract, and to entitle the seller to a delivery of the deed.

Same.—*Held, also*, that the purchaser was not entitled, under the evidence in the case, to exact, as a further condition, that the seller should allow him to make a re-examination of the goods, and a comparison thereof with the invoice previously made, in order to verify the accuracy of the same before final acceptance.

The plaintiffs brought this action in the district court for Waseca county, against Nils P. Hansen and G. R. Buckman, to compel the delivery to plaintiffs by defendant Buckman of a deed executed by defendant Hansen and his wife. The action was tried before *Buckham, J.*, and judgment directed and entered for plaintiffs, from which the defendant Hansen appeals.

*B. S. Lewis*, for appellant.

*Sawyer, Abbott & Sawyer*, for respondents.

VANDERBURGH, J.[1] This controversy arose out of a contract made between these parties, by the terms of which plaintiffs agreed to sell and deliver to the defendant their stock of merchandise, with store fixtures, then being in a certain store building in the village of Waseca theretofore occupied by them, and held under a lease, and also to assign to him such lease, in consideration of which the defendant agreed to convey to the plaintiff Michael Knopf the house and lot therein described, then being the homestead of the defendant, at the price of $2,000. An invoice of the goods was thereupon taken by the parties, which amounted to the sum of $1,883.28. The contract was

[1] Berry, J., because of illness, took no part in this case.

deposited with the defendant Buckman, May 19, 1886, and soon after, also, the defendant deposited with the same party the deed of the lot in question, duly executed by himself and wife in conformity with the agreement, to be delivered to the plaintiffs when they should be entitled thereto under the terms of the agreement. The invoice was completed to the satisfaction of both parties on the 25th day of May, and on May 27th the plaintiffs were ready to deliver the property as agreed, together with an assignment of their lease, and accordingly on that day tendered to the defendant the lease, and the key of the store where the goods were and were to remain, and a bill of sale of the goods, and also the sum of $116.72 in cash, being the difference between the value of the goods as agreed and the price of the lot in question, and thereupon demanded of Buckman the delivery of the deed, which tender was refused by the defendant, and the delivery of the deed withheld by his direction; and thereupon the plaintiffs made a deposit of the paper writings, and the key and money just described, with Buckman, for the use of the defendant, and he still retains the same, and which were duly brought into court for defendant's use upon the trial hereof. The amount and condition of the goods remained the same as at the completion of the invoice. No objection was made by the defendant Hansen as to the form or place of the tender, but he demanded a re-examination of the goods, and an opportunity to make a comparison with the invoice, and to recheck the same, so as to satisfy himself that none had been removed, which condition plaintiffs refused to accede to.

1. We think the evidence discloses a compliance with the terms of the contract on plaintiffs' part. The tender must necessarily be construed as a tender of the goods, as invoiced, and was sufficient to put defendant in complete possession. And, by the deposit, Buckman became bailee in possession, with the right to deliver them to defendant on surrender of the deed. The defendant did not object to the form of the tender, but demanded, in substance, a re-invoice for his own protection, but this had not been provided for. It does not appear that he might not have had access to the store in the interval, or that there was any reasonable ground to apprehend any misappropriation or deficit.

2. The deed was delivered in escrow. The plaintiffs, it appears, demanded, on the day after the contract was made, before proceeding with the invoice, that the deed should be deposited, and the finding of the court is that, in pursuance of such agreement, "the defendant Hansen did forthwith deposit with the defendant Buckman the deed mentioned in the pleadings, for delivery to the plaintiffs when they shall become entitled thereto under the terms of such written agreement then in his possession." Hansen could not recall the deed unless and until there was a breach of the conditions. By the terms of the deposit, if plaintiffs fulfilled on their part, the deed was to be delivered to them. *Stanton* v. *Miller*, 58 N. Y. 192, 202.

3. The land which the defendant undertook to convey was his homestead. His wife having consented and joined in the execution of the deed, and the same being delivered in escrow, all homestead rights were waived, and it was unnecessary that she should be a party to this suit. The principal question, and the one on which the case turns, is in respect to the performance of the contract on plaintiffs' part.

Order affirmed.