JOHN J. HUGHES *et al.* v. P. J. THISTLEWOOD.

DEED *in Escrow — Duty to Deliver, When — Effect of Deed, Not Prevented by its Detention.* H. sold a tract of land which was occupied by himself and family as a homestead to T., and joined with his wife in executing a deed which expressed the agreement of the parties, and which was intrusted to the husband for delivery. H. presented the deed to T., who made his check or draft on New York for the purchase-money, and the draft and deed were placed in the hands of S. as a depositary, under a stipulation that he should deliver the deed when the draft was collected, and that H. should furnish an abstract showing good title to the property sold in him. The stipulation was signed by H. and T., but not by the wife of H. The money was collected on the draft in due course of mail and within about eight days, and after some further delay in an attempt to rectify defects in the title disclosed by the abstract, T. demanded the deed, but in the meantime H. had notified S. not to deliver the same. *Held,* In an action to compel a delivery, that the wife, by intrusting the delivery of the deed to her husband after its due execution, authorized him to arrange the details of receiving payment and consummating the delivery; that the placing of the deed in escrow until the draft was converted into money was a step in the delivery of the deed, and the signature of the wife to the stipulation respecting the same was unnecessary to a conveyance of the property; and *further held,* that when the condition of deposit was accomplished, it was the duty of S. to deliver the deed; and the attempted detention of the same will not prevent it from taking effect.

*Error from Sedgwick District Court.*

ACTION brought by *Thistlewood* against *Hughes* and two others, to compel the delivery of a certain deed. Trial by the court at the March term, 1887, and judgment for the plaintiff. The defendants bring the case to this court. The opinion states the facts.

*Harris, Harris & Vermilion,* for plaintiffs in error.
*Sluss & Stanley,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to compel the delivery of a deed. It seems that on June 4, 1886, John J. Hughes, who owned real estate in Wichita, and on which he and his family resided, sold the same through an agent, to P. J. Thistlewood for $4,750, and out of that sum the broker was to retain $143.75 as his commission. On that day a deed was executed by Hughes and wife conveying the property to Thistlewood, which deed was taken by John J. Hughes from his home and presented to the purchaser, who made an individual draft on his house in New York for the purchase-money. But Hughes declined to accept the draft, and they then placed it and the deed in the hands of the defendant L. D. Skinner, cashier of the State National Bank of Wichita, upon the following written stipulation:

"WICHITA, KANSAS, June 4, 1886.

"This deed is to be delivered to H. G. Lee upon payment of this Thistlewood check on New York for forty-seven hundred and fifty dollars; said $4,750 to be paid to John J. Hughes, less commission of one hundred and forty-three and seventy-five cents, said Hughes to furnish abstract showing good title to said premises in him. JOHN J. HUGHES.
P. J. THISTLEWOOD."

The money was collected on the check in due course, in about eight days after it was placed in the hands of Skinner. Then there were some defects in the title, as shown by the abstract furnished by Hughes, and the money was held a few days to examine and remedy these defects. Hughes refused to rectify the defects, and the purchaser waived the matter of abstract, and demanded the deed; but meantime Hughes notified Skinner not to deliver the same, and this action was brought to compel a delivery. The court below found that Thistlewood was entitled to a delivery of the conveyance, and adjudged that the defendants below should deliver the deed,

and in case of a failure to do so, the decree rendered should operate as a conveyance of the property sold.

The contention of plaintiffs in error here is, that the property, being the homestead, and the stipulation left with Skinner not being signed by the wife, there was not that joint consent which is necessary to the alienation of the property. It is said that because it was understood by Mrs. Hughes to be a cash transaction, her husband had no authority to accept the draft as payment, or to deliver the deed through the hands of Skinner. The deed, however, was signed and acknowledged by both husband and wife, and the contract of the parties was expressed in the deed itself. No fraud was practiced in obtaining the consent or signature of either. It was signed at the home of Hughes, and after being so signed the wife intrusted the delivery of the same, as well as the receipt of payment, to the husband. There was no agreement or understanding that the money or any portion of the same was to be paid to the wife, but she chose to leave the consummation of the delivery of the deed and the receipt and disposition of the proceeds to the discretion and judgment of the husband. By the authority conferred on the husband he was at liberty to accept the draft in payment; but instead of doing that he took the precaution to delay the delivery of the deed until the draft was tested, just as he might have done if the paper had been a check on a bank in Wichita, or just as he might have delayed the delivery to examine and test the genuineness of currency or coin which the purchaser had offered in payment. There was no new contract of sale nor any substantial departure from the terms of sale agreed upon when the deed was made. The direction to the depositary referred only to the details of receiving the money and consummating the delivery of the instrument. It is true, the draft or check was not cash; but payment by this medium is the prevailing custom in making exchanges; and where the paper is good it is generally regarded as a cash transaction. It does not appear that the wife was deceived or induced to give consent and join in the making of the deed by any misrepresentation or

fraud. When she joined her husband in making and acknowledging the conveyance, and placed the same in his hands for delivery, she made him her agent to arrange the details of accepting payment and completing delivery; and, as counsel contend, the placing of the deed in escrow was not a change of the original terms of sale. It was simply a step in the progress of the delivery of the deed. The minds of the parties had met, the terms of the contract had been assented to, and the instrument which was intended by both as a conveyance was intrusted to Hughes for delivery. He arranged the details of delivery as he was authorized to do, and when the deed was placed in the hands of Skinner while the draft was being converted into cash, it was then in the course of delivery, *in transitu* from the grantors to the grantee. The purpose for which the deed had been placed in the hands of Skinner having been accomplished, and that within a reasonable time and in the usual course of business, the attempted detention of the deed by the depositary upon the order of the grantors will not prevent the deed from taking effect. Skinner was the agent of the grantee as well as of the grantors, and it became his duty to deliver the deed when the conditions under which it was placed in his hands were performed. (1 Devlin on Deeds, § 327.)

We think the ruling of the court below was correct, and its judgment will therefore be affirmed.

All the Justices concurring.