IVER THARALDSON v. E. A. EVERTS and Others.[1]

July 25, 1902.

Nos. 12,981—(104).

**Deposit in Escrow.**

Where a deed is deposited with a person other than the grantee upon an agreement to deliver it upon the performance of certain conditions it is an escrow, and it is not necessary that the terms authorizing its delivery be expressed in writing, but may be declared orally at the time of the deposit.

**Deposit of Deed on Condition.**

When a deed is deposited in escrow to be delivered upon the happening of a certain event or the performance of a specified condition, the depositor is not at liberty to withdraw the deed or forbid its delivery without the consent of the other party.

[1] Reported in 91 N. W. 467.

**Death of Grantor.**

When there is a deposit of a deed to be delivered upon certain conditions, the escrow is not defeated by the death of the proposed grantor, but delivery may be enforced thereafter.

**Waiver of Condition.**

Conditions in the deposit of a deed in escrow for the sole benefit of one of the parties thereto may be waived by him, and a delivery enforced, notwithstanding such conditions.

Appeal by plaintiff from a judgment of the district court for Otter Tail county, Baxter, J. Affirmed.

*Chas C. Houpt* and *Edward Engerud*, for appellant.

*E. E. Corliss* and *Parsons & Brown*, for respondents.

LOVELY, J.

Action to determine adverse claim to real property. Plaintiff alleged possession to a tract of land in Otter Tail county, alleging an adverse claim by defendants, and demanded that they be debarred therefrom. The answer alleges that the defendant Everts is the owner in fee of the premises, that the remaining defendants are his tenants, and demands that the title to the property be decreed in him free from the asserted claim of plaintiff. The case was tried to the court, who made findings of fact, and held as a conclusion of law adversely to plaintiff's title, and in favor of defendants. Judgment was entered, from which plaintiff appeals.

The evidence is not returned, and the appeal is here solely upon the pleadings and findings of the trial court, from which it appears that Amos Ralph, on August 25, 1896, was the owner of the land in question. On that date he bargained with one Sorenson for an exchange of this land for another tract owned by the latter, located in the state of Washington. Ralph executed a deed to Sorenson of the Otter Tail land. Sorenson made a deed of the Washington land to Ralph. Both deeds were deposited with the bank at Battle Lake upon a verbal agreement that the deeds were to be delivered to the grantees named therein, respectively, upon the payment by Sorenson to the bank for Ralph of $125, conditioned also that Ralph was to satisfy two mortgages on his land, one for $2,000 in round numbers, and the other of $26.50. The mortgage for $2,000

was paid by Ralph. Ralph died intestate on September 27, 1898, both deeds still remaining in the hands of the bank, and the mortgage of $26.50 being unpaid. On February 26, 1900, Sorenson caused $125 to be paid to the bank, and demanded the delivery to him of the deed of the Otter Tail land. The defendant Everts had succeeded by purchase to the rights of Sorenson, and, through mesne conveyances from the heir of Ralph, plaintiff claims to own the land in controversy, and insists that he is lawfully entitled thereto upon the following grounds: (1) That the delivery of the deeds to the bank at Battle Lake was upon an oral agreement, and therefore void under the statute of frauds, because its terms were not expressed in writing; (2) that either party or his successor in interest had a right to withdraw the deed before delivery; (3) that the death of Ralph before the delivery of his deed terminated the rights of the respective parties.

1. The condition in the agreement for the transfer of the land and the deposit of the two deeds must be treated as an escrow. To make a deed an escrow, it must be delivered to a third party, to be held until the condition is performed, then to be delivered to the grantee. Raymond v. Smith, 5 Conn. 555. In a very early and authoritative definition of an "escrow" it is declared to be "where one doth make and seal a deed and deliver it unto a stranger until certain conditions be performed, and then to be delivered to him to whom the deed is made to take effect as his deed. And so a man may deliver a deed and such a delivery is good." 1 Sheppard, Touch. c. 4, § 58. The conditions of the deposit of a deed in escrow must be definitely expressed, and the deed committed to a third party for delivery upon the performance of the conditions; but it is not necessary that any particular form of words should be used at the time of its deposit, but the terms of the escrow are to be derived from all the circumstances, and it obviates all questions as to the intention of the parties if at the time of the deposit, or, as it is called, the first delivery, it is expressly declared that it is to be delivered upon the performance of such conditions. Murray v. Earl, 2 Barn. & C. 82; Gaston v. City, 16 Ore. 255, 19 Pac. 127. The deposit of a deed in escrow upon oral conditions as to its delivery is sufficient to avoid the

statute of frauds, and estopped defendant from availing himself of it as a defense. Cagger v. Lansing, 57 Barb. 421.

But it cannot be stated absolutely in this case that the contract was oral, and could not be enforced, for the deed itself is a note·or memorandum in writing of the contract, and subscribed by the party to be charged, and this satisfies the statute (G. S. 1894, § 4213), and the deposit was a partial and qualified delivery thereof; hence the deed from Ralph to Sorenson, which was signed by the party to be charged, establishes the mutuality (Worrall v. Munn, 5 N. Y. 229; Rutenberg v. Main, 47 Cal. 213), and the oral agreement prescribing the terms of its delivery was valid (Cannon v. Handley, 72 Cal. 133, 13 Pac. 315).

The cases last referred to are under a statute similar to our own, and are consonant with justice and what we believe to be the common practice. Oftentimes a written agreement between the parties evidences the terms of the delivery of an escrow, but in many cases the deeds deposited constitute the only written memorandum thereof, and must be regarded as sufficient to give valid force and effect to the same. See Stanton v. Miller, 58 N. Y. 192. We have applied this view to a case where the agreement upon the deposit of a deed, in attempting to create an escrow, was illegal and nonenforceable. Knopf v. Hansen, 37 Minn. 215, 33 N. W. 781.

2. We are not able to adopt the view that the deed to Sorenson of the land in question might be withdrawn by the grantor or his successor in interest. The deposit in escrow would be an idle ceremony, if this were permissible. It is elementary that the deposit of a deed in escrow subjects both parties to the conditions upon which it was deposited, and that neither can withdraw from the same; hence the party refusing to comply with the conditions may be compelled to fulfil them, or the delivery adjudged upon fulfilment by the other party. 4 Kent, Comm. *454.

3. It is claimed that the death of Ralph terminated the rights of the parties under the escrow. We think the reverse has been definitely decided by this court. Upon the deposit of a deed in escrow the title does not pass until the second delivery, but this rule is not inflexible, and does not apply where justice and necessity require a resort to fiction. In such cases the deed takes effect

by relation from the first delivery, in order that the operation of the deed may not be frustrated by events transpiring between the first and second delivery. It is a well-settled rule with respect to an escrow that if either of the parties die before the condition is performed, and afterwards the condition is performed, the deed is good, and will take effect from the first delivery. Lindley v. Groff, 37 Minn. 338, 34 N. W. 26.

The fact that there was a mortgage of $26.50 outstanding upon the Ralph land does not affect the rights of Sorenson or his grantee. The latter might waive the satisfaction of this mortgage for his own benefit, or compel its satisfaction, and enforce the delivery of the deed to Sorenson or from his grantee.

Judgment affirmed.