FRED SEIFERT v. OTTO LANZ, Anton R. Haug, Henry B. Haug, E. E. Van Schoiack, and All Other Persons Unknown Claiming any Estate or Interest in or Lien or Encumbrance upon the Real Property Described in the Complaint in This Action, and Their Unknown Heirs.

(150 N. W. 568.)

Plaintiff agreed in writing to trade his North Dakota farm for land in Wisconsin, and in conformity therewith deposited with the local bank a deed to his North Dakota land, signed by himself and wife. Before the defendant had complied with the terms of the contract, plaintiff attempted to withdraw said deed and cancel the contract. ·

Deed — deposit — control over — reserved — evidence.

1. Evidence examined, and held, that plaintiff did not reserve any control over the deed at the time it was deposited in the bank.

Escrow — how made — pre-existing contract of sale — offer of sale.

2. To constitute an escrow of a deed, there must be a pre-existing contract of sale, antedating the escrow agreement itself; otherwise, the deed so deposited could be withdrawn, as the negotiation would be merely an offer of sale.

Pre-existing contract of sale — homestead — executed by husband only — wife later joins in deed — adopts contract as her own.

3. Where the pre-existing contract of sale affects a homestead, and is signed

by the husband, but the wife at the same time joins in the deed to the premises, which is deposited in ecrow, she adopts the pre-existing contract as her own, The husband is also estopped to object to her failing to sign the pre-existing contract.

**Evidence of fraud — rescission — sufficiency to justify.**

4. Evidence examined, and *held*, that there is not evidence of fraud sufficient to justify a rescission of the contract by plaintiff.

**Agreement — conditions of — compliance with — time limit.**

5. Record examined, and *held*, that the defendant complied with the conditions of agreement within the time therein limited.

**Deed — minor blanks — filled in after execution by husband — not invalid.**

6. The fact that the deed to the Wisconsin land contained minor blanks at the time it was signed by Mrs. Lanz, which were afterwards filled in by her husband, does not render the deed invalid.

Opinion filed December 26, 1914. Rehearing denied January 8, 1915,

Appeal from the District Court of Sargent County, *Allen, J.* Affirmed.

*John L. Koeppler* and *W. S. Lauder,* for appellant.

Until delivery, the instrument under which defendants claim was not the plaintiff's deed. Devlin, Real Estate, 3d ed. 260.

Defendants claim the deed was delivered in escrow,—no actual delivery being claimed. To constitute a perfect delivery in escrow, there must be a pre-existing contract for the sale and purchase of the land. Campbell v. Thomas, 42 Wis. 437, 24 Am. Rep. 427; 11 Am. & Eng. Enc. Law, 2d ed. 333; 16 Cyc. 568.

An escrow presupposes an enforceable bilateral contract. Fitch v. Bunch, 30 Cal. 208, 2 Bl. Com. 307; 4 Kent, Com. 446; 2 Washb. Real Prop. 583; Jackson ex dem. Gratz v. Catlin, 2 Johns. 259, 3 Am. Dec. 415; Ruggles v. Lawson, 13 Johns. 285, 7 Am. Dec. 375; Green v. Putnam, 1 Barb. 500; Miller v. Sears, 91 Cal. 282, 25 Am. St. Rep. 176, 27 Pac. 589; 1 Devlin, Real Estate, 3d ed. 313, 313a; 11 Am. & Eng. Enc. Law, 2d ed. 335, and 16 Cyc. 562; Stanton v. Miller, 58 N. Y. 192; Freeland v. Charnley, 80 Ind. 132; Nichols v. Oppermann, 6 Wash. 618, 34 Pac. 162; Taft v. Taft, 59 Mich. 185, 60 Am. Rep. 291, 26 N. W. 426; McIntyre v. McIntyre, 147 Mich. 365, 110 N. W. 960; De Bow v. Wollenberg, 52 Or. 404, 96 Pac. 536,

97 Pac. 717; Clark v. Campbell, 23 Utah, 569, 54 L.R.A. 508, 90 Am. St. Rep. 716, 65 Pac. 496; Kenney v. Parks, 137 Cal. 527, 70 Pac. 556.

This transaction relates to the homestead. The wife did not sign the contract for sale, or any contract. There was no pre-existing contract on her part. This renders the contract a mere nullity. Schroeder v. Boyce, 127 Mich. 33, 86 N. W. 387; Rev. Codes 1905, § 5052; Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Rev. Codes 1905, § 7317 (41); Hanson v. Great Northern R. Co. 18 N. D. 329, 138 Am. St. Rep. 768, 121 N. W. 78; Myers v. Chicago, St. P. M. & O. R. Co. 69 Minn. 476, 65 Am. St. Rep. 579, 72 N. W. 694.

Specific performance cannot be decreed because of too indefinite description of the land. Runck v. Dimmick, 51 Tex. Civ. App. 214, 111 S. W. 779.

There is a distinction between a mere option to buy, and a bilateral contract of sale. Runck v. Dimmick, 51 Tex. Civ. App. 214, 111 S. W. 779; Libby v. Parry, 98 Minn. 366, 108 N. W. 299; Hopwood v. McCausland, 120 Iowa, 218, 94 N. W. 469; Moore v. Allen, 109 Minn. 139, 123 N. W. 292; Darr v. Mummert, 57 Neb. 378, 77 N. W. 767; Nichols v. Oppermann, 6 Wash. 618, 34 Pac. 162; Thomas v. Sowards, 25 Wis. 635; Freeland v. Charnley, 80 Ind. 132; Campbell v. Thomas, 42 Wis. 437, 24 Am. Rep. 427; Overman v. Kerr, 17 Iowa, 485; Parker v. Parker, 1 Gray, 409; Wier v. Batdorf, 24 Neb. 83, 38 N. W. 22; Popp v. Swanke, 68 Wis. 364, 31 N. W. 916; Kopp v. Reiter, 146 Ill. 437, 22 L.R.A. 273, 37 Am. St. Rep. 156, 34 N. E. 942; Comer v. Baldwin, 16 Minn. 172, Gil. 151; Swain v. Burnette, 89 Cal. 564, 26 Pac. 1093; Stockwell v. Williams, 68 N. H. 75, 41 Atl. 973.

It was in the plaintiff's power to annex to the deposit of the deed any condition he wished, notwithstanding any prior contract. Wilkins v. Somerville, 80 Vt. 48, 11 L.R.A.(N.S.) 1183, 130 Am. St. Rep. 906, 66 Atl. 893; Stanton v. Miller, 58 N. Y. 192.

Such deposit of the deed not constituting an escrow, plaintiff had the right to recall or revoke same at will. Prutsman v. Baker, 30 Wis. 644, 11 Am. Rep. 592; Cook v. Brown, 34 N. H. 460; O'Brien v. O'Brien, 19 N. D. 713, 125 N. W. 307; Ward v. Russell, 121

Wis. 77, 98 N. W. 939; Keyes v. Meyers, 147 Cal. 702, 82 Pac. 304; Kenney v. Parks, 125 Cal. 146, 57 Pac. 772; Cole v. Cole, 144 Mich. 676, 108 N. W. 101; Cassidy v. Holland, 27 S. D. 287, 130 N. W. 771; Lange v. Cullinan, 205 Ill. 365, 68 N. E. 934.

Where parties deal at arm's length the doctrine of *caveat emptor* applies. Fargo Gas & Coke Co. v. Fargo Gas & Electric Co. 4 N. D. 219, 37 L.R.A. 593, 59 N. W. 1066; Liland v. Tweto, 19 N. D. 551, 125 N. W. 1032; Burns v. Lynde, 6 Allen, 305; 1 Devlin, Real Estate, 3d ed. § 310; Lund v. Thackery, 18 S. D. 113, 99 N. W. 856; Maynard v. Davis, 127 Mich. 571, 86 N. W. 1051.

The delivery of the deed as made here did not vest in Lanz any title to the land. It was a homestead transaction, and no prior contract existed. Anderson v. Goodwin, 125 Ga. 663, 54 S. E. 679; Haynes v. Griffith, 16 Idaho, 280, 101 Pac. 728; Hogueland v. Arts, 113 Iowa, 634, 85 N. W. 818; Bales v. Roberts, 189 Mo. 49, 87 S. W. 914; Roberson v. Reiter, 38 Neb. 198, 56 N. W. 877; Matteson v. Smith, 61 Neb. 761, 86 N. W. 472; Bradford v. Durham, 54 Or. 1, 135 Am. St. Rep. 807, 101 Pac. 897; Houston Land & T. Co. v. Hubbard, 37 Tex. Civ. App. 546, 85 S. W. 474; Morris v. Blunt, 35 Utah, 194, 99 Pac. 686; Wilkins v. Somerville, 80 Vt. 48, 11 L.R.A.(N.S.) 1183, 130 Am. St. Rep. 906, 66 Atl. 893; Virginia Pass. & Power Co. v. Patterson, 104 Va. 189, 51 S. E. 157; Hanley v. Sweeny, 48 C. C. A. 612, 109 Fed. 712, 21 Mor. Min. Rep. 333.

The land was in the open possession of plaintiff's tenant, and plaintiff and his family lived thereon also. O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849; Dickson v. Dows, 11 N. D. 407, 92 N. W. 798; Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416; Sutton v. Whetstone, 21 S. D. 341, 112 N. W. 850; Everts v. Agnes, 6 Wis. 453; Tisher v. Beckwith, 30 Wis. 55, 11 Am. Rep. 546; Ogden v. Ogden, 4 Ohio St. 182; Harkreader v. Clayton, 56 Miss. 383, 31 Am. Rep. 369; Smith v. South Royalton Bank, 32 Vt. 341, 76 Am. Dec. 179; Henry v. Carson, 96 Ind. 412; Golden v. Hardesty, 93 Iowa, 622, 61 N. W. 913; Jackson v. Lynn, 94 Iowa, 151, 58 Am. St. Rep. 386, 62 N. W. 704; Seibel v. Higham, 216 Mo. 121, 129 Am. St. Rep. 502, 115 S. W. 987.

*Purcell, Divet & Perkins,* for respondents.

When documents or deeds are placed in escrow, the maker or grantor

loses all control over them. They are simply left to await the happening of some event or the keeping of some condition. They cannot be recalled, nor the escrow disturbed. Nichols & S. Co. v. First Nat. Bank, 6 N. D. 406, 71 N. W. 135.

The statute of frauds has no application to an escrow agreement. All that is necessary is a valid contract, either oral or written. Lewis v. Prather, 14 Ky. L. Rep. 749, 21 S. W. 538; Cannon v. Handley, 72 Cal. 133, 13 Pac. 315; Hughes v. Thistlewood, 40 Kan. 232, 19 Pac. 629; Baum's Appeal, 113 Pa. 58, 4 Atl. 461; Tharaldson v. Everts, 87 Minn. 168, 91 N. W. 467; Wittenbrock v. Cass, 110 Cal. 1, 42 Pac. 300.

Parol evidence to prove the necessary facts is admissible. Manning v. Foster, 49 Wash. 541, 18 L.R.A.(N.S.) 337, 126 Am. St. Rep. 876, 96 Pac. 233; Johnson v. Jones, 85 Ala. 286, 4 So. 748; Jenkins. v. Harrison, 66 Ala. 345; Guild v. Althouse, 71 Kan. 604, 81 Pac. 172; Knopf v. Hansen, 37 Minn. 215, 33 N. W. 781; Hughes v. Thistlewood, 40 Kan. 232, 19 Pac. 629; Arnegaard v. Arnegaard, 7 N. D. 475, 41 L.R.A. 258, 75 N. W. 797.

Where control over the instrument to the extent of the right to recall it is retained, there is no escrow. Bury v. Young, 98 Cal. 446, 35 Am. St. Rep. 186, 33 Pac. 338; Nolan v. Otney, 75 Kan. 311, 9 L.R.A.(N.S.) 317, 89 Pac. 690; Hutton v. Cramer, 10 Ariz. 110, 85 Pac. 483.

If a contract satisfying the statute of frauds must exist as a foundation for an escrow, the deed itself is a sufficient memorandum of the contract. Moss v. Atkinson, 44 Cal. 16.

Letters addressed to third persons, telling what the oral contract was, may be received in evidence to prove the oral contract. Browne,. Stat. Fr. § 353; Singleton v. Hill, 91 Wis. 51, 51 Am. St. Rep. 868, 64 N. W. 588; Jones v. Lloyd, 117 Ill. 597, 7 N. E. 119; Drury v. Young, 58 Md. 546, 42 Am. Rep. 343; Gibson v. Holland, L. R. 1 C. P. 1, 1 Harr. & R. 1, 35 L. J. C. P. N. S. 5, 11 Jur. N. S. 1022,. 13 L. T. N. S. 293, 14 Week. Rep. 86; Lee v. Cherry, 85 Tenn. 707, 4 Am. St. Rep. 800, 4 S. W. 835; Hollis v. Burgess, 37 Kan. 487, 15 Pac. 536.

The statute of frauds is only concerned with evidence by which an agreement can be established, and it matters not to whom the letters

were addressed. Warfield v. Wisconsin Cranberry Co. 63 Iowa, 312, 19 N. W. 224; Barry v. Coombe, 1 Pet. 640, 650, 7 L. ed. 295, 300; Ryan v. United States, 136 U. S. 68, 84, 34 L. ed. 447, 453, 10 Sup. Ct. Rep. 913.

The depositary of an escrow is the agent of both parties. 16 Cyc. 575, and note 95; Davis v. Clark, 58 Kan. 100, 48 Pac. 563; Cannon v. Handley, 72 Cal. 133, 13 Pac. 315; Tharaldson v. Everts, 87 Minn. 168, 91 N. W. 467.

The deed here was signed by both husband and wife, and the contract was fully expressed therein. Johnston v. Jones, 85 Ala. 286, 4 So. 748; Thayer v. Luce, 22 Ohio St. 62; Ryan v. United States, 136 U. S. 84, 34 L. ed. 453, 10 Sup. Ct. Rep. 913; Nichols & S. Co. v. First Nat. Bank, 6 N. D. 404, 71 N. W. 135.

All that is necessary is that there be a note or memorandum signed by the party to be charged. Rev. Codes 1905, § 5407; Worrall v. Munn, 5 N. Y. 246, 55 Am. Dec. 330; McPherson v. Fargo, 10 S. D. 615, 66 Am. St. Rep. 723, 74 N. W. 1057; Gira v. Harris, 14 S. D. 537, 86 N. W. 624; Fitch v. Bunch, 30 Cal. 208; Stanton v. Miller, 58 N. Y. 192.

The contract here, however, is sufficient for all purposes, when followed up with the deed. Instruments executed together, or referring to each other, will be considered together to show the whole transaction. Page, Contr. § 1116; 13 Cyc. 614, and notes; Rev. Codes 1905, § 5346; Stuyvesant v. Western Mortg. & Invest. Co. 22 Colo. 28, 43 Pac. 144; Thayer v. Luce, 22 Ohio St. 62; Ryan v. United States, 136 U. S. 68, 34 L. ed. 447, 10 Sup. Ct. Rep. 913; Lee v. Cherry, 85 Tenn. 707, 4 Am. St. Rep. 800, 4 S. W. 835; Roehl v. Haumesser, 114 Ind. 311, 15 N. E. 345; Bayne v. Wiggins, 139 U. S. 210, 35 L. ed. 144, 11 Sup. Ct. Rep. 521; Johnston v. Jones, 85 Ala. 286, 4 So. 748; Epperly v. Ferguson, 118 Iowa, 47, 91 N. W. 816; Kettering v. Eastlack, 130 Iowa, 498, 107 N. W. 177, 8 Ann. Cas. 357.

We are dealing with the husband regarding his property. He made a contract that was thereafter ratified by his wife when she joined in the deed. Hughes v. Thistlewood, 40 Kan. 232, 19 Pac. 629; Manning v. Foster, 49 Wash. 541, 18 L.R.A.(N.S.) 337, 126 Am. St. Rep. 876, 96 Pac. 233; Howes v. Burt, 130 Mass. 368.

Blank spaces in deeds may be filled in by the grantor. The grantee

may, after delivery, fill in the name. Lockwood v. Bassett, 49 Mich. 546, 14. N. W. 492; Field v. Stagg, 52 Mo. 534, 14 Am. Rep. 435; Exchange Nat. Bank v. Fleming, 63 Kan. 139, 65 Pac. 213; 16 Century Dig. "Deeds," § 64, col. 70; Montgomery v. Dressler, 38 L.R.A.(N.S.) 423, and note, 90 Neb. 632, 134 N. W. 251; Note to McCleerey v. Wakefield, 2 L.R.A. 529.

After a party has rejected a conveyance upon a repudiation of the whole transaction, he will not be allowed to afterward rely upon some special undisclosed ground. Wold v. Newgard, — Iowa, —, 94 N. W. 859; Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623; Baker v. Hall, 158 Mass. 361, 33 N. E. 612; Harris v. Chipman, 9 Utah, 101, 33 Pac. 242; Ohio & M. R. Co. v. McCarthy, 96 U. S. 258, 24 L. ed. 693.

A bill of particulars, under our statute, may be required in all cases. The right to demand such bill is not limited to actions for money. Rev. Codes 1905, § 6868; Abbott, Trial Brief, p. 1943 and cases cited; Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337.

The purpose of a bill of particulars is to limit the scope of inquiry, as well as to define the issues. Abbott, Pl. p. 1294, and cases in note 1; Tourgee v. Rose, 19 R. I. 432, 37 Atl. 9; McDonald v. People, 126 Ill. 150, 9 Am. St. Rep. 547, 18 N. E. 817, 7 Am. Crim. Rep. 137; Com. v. Snelling, 15 Pick. 321.

A bill of particulars shows the theory of the case in the lower court. No departure therefrom will be allowed on appeal. Schuyler v. Wheelon, 17 N. D. 165, 115 N. W. 259; Ugland v. Farmers & Merchants' State Bank, 23 N. D. 536, 137 N. W. 572; Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 97, 128 N. W. 690; William R. Smith & Son v. Bloom, 159 Iowa, 592, 141 N. W. 32; Baker v. Hall, 158 Mass. 361, 33 N. E. 612.

The defendant Van Schoiack, the present record title holder, is a bona fide purchaser, and plaintiff is estopped to question his title based upon the deed executed by himself. Red River Valley Land & Invest. Co. v. Smith, 7 N. D. 240, 74 N. W. 194; Schumacher v. Truman, 134 Cal. 430, 66 Pac. 591; Emeric v. Alvarado, 90 Cal. 444, 27 Pac. 356; Jenks v. Moppin, — Tex. Civ. App. —, 80 S. W. 390.

Where a vendor remains in possession after conveyance, such possession is not notice that he claims any right inconsistent with the con-

veyance he has made.   Cook v. Travis, 20 N. Y. 400; Van Keuren
v. Central R. Co. 38 N. J. L. 167; Eylar v. Eylar, 60 Tex. 315;
Sprague v. White, 73 Iowa, 670, 35 N. W. 751; Abbott v. Gregory,
39 Mich. 68; Groton Sav. Bank v. Batty, 30 N. J. Eq. 126; Wat-
kins v. Sproule, 8 Tex. Civ. App. 427, 28 S. W. 356; Jinks v. Moppin,
— Tex. Civ. App. —, 80 S. W. 390; Dodge v. Davis, 85 Iowa, 77,
52 N. W. 2; Note to Garbutt v. Mayo, 13 L.R.A.(N.S.) 117, and
cases heretofore cited; Gray v. Harvey, 17 N. D. 1, 113 N. W. 1034;
Humphreys v. Richmond & M. R. Co. 88 Va. 431, 13 S. E. 993;
Provident Life & T. Co. v. Mercer County, 170 U. S. 593, 42 L.
ed. 1156. 18 Sup. Ct. Rep. 788; Johnson v. Erlandson, 14 N. D. 518,
105 N. W. 722; Landon v. Brown, 160 Pa. 538, 28 Atl. 921; Hub-
bard v. Greeley, 84 Me. 340, 17 L.R.A. 511, 24 Atl. 799; Quick v.
Milligan, 108 Ind. 419, 58 Am. Rep. 49, 9 N. E. 392; Pratt v. Holman,
16 Vt. 530.

Where one places the indicia of title to property with another, he is
estopped as against a bona fide purchaser.   Blight v. Schenck, 10 Pa.
285, 51 Am. Dec. 478; Simson v. Bank of Commerce, 43 Hun, 156;
Quick v. Milligan, 108 Ind. 419, 58 Am. Rep. 49, 9 N. E. 392;
Hubbard v. Greeley, 84 Me. 340, 17 L.R.A. 511, 24 Atl. 799; Bailey
v. Crim, 9 Biss. 95, Fed. Cas. No. 734; Haven v. Kramer, 41 Iowa,
382; Palmer v. Bates, 22 Minn. 532; Mays v. Shields, 117 Ga. 814,
45 S. E. 68; Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722.

Where the description of the land in a deed or other conveyance
is sufficient to enable one by the aid of inquiries to locate it, it is good.
Hollis v. Burgess, 37 Kan. 487, 15 Pac. 536; Ford v. Ford, 24 S. D.
644, 124 N. W. 1108; Ryan v. United States, 136 U. S. 68, 84, 34
L. ed. 447, 453, 10 Sup. Ct. Rep. 913; Schuyler v. Wheelon, 17 N.
D. 161, 115 N. W. 259.

Title passes to a grantee in escrow upon the performance of the
conditions upon which delivery should be made.   Hughes v. Thistle-
wood, 40 Kan. 232, 19 Pac. 629; Shirley v. Ayres, 14 Ohio, 307,
45 Am. Dec. 546; 16 Cyc. 588, and note 88.

BURKE, J.   Plaintiff is a farmer living in Sargent county, North
Dakota.   In June, 1910, he desired to sell his farm, and talked to a
real-estate dealer named Brixsley.   After some preliminary negotia-

tions, Brixsley told him that the defendant Lanz had a Wisconsin farm which he desired to trade. Shortly thereafter, plaintiff and Brixsley went to Canton, Wisconsin, and examined a tract of land containing 169 acres. After such examination the three went to North Dakota, examined the 161 acres owned by plaintiff, and on the 28th of June went to Newark, South Dakota, where exhibit F, hereinafter referred to, and constituting what is alleged to be an agreement for the trade of the two farms, was executed in duplicate, and where plaintiff and his wife executed a warranty deed to his land, running to the defendant Lanz, and where he then and there deposited the same with one Nelson, cashier of one of the banks. The circumstances surrounding this deposit are in sharp dispute, and will be treated later in this opinion. Lanz repaired to Minneapolis, where he and his wife executed a deed to the Wisconsin land, and forwarded the same to the bank. It is plaintiff's contention that his deed was delivered to the cashier of the bank, subject to his further orders, and that he had the right to recall the same at any time. On the other hand, defendant insists that the deed was deposited in escrow, and that when Lanz had complied with certain conditions upon his part to be performed, the title to the land passed by operation of law to Lanz. In any event, the plaintiff became dissatisfied with his bargain, and attempted to withdraw the deed from the possession of Nelson, who, however, refused to return the same, but delivered it to Lanz, who later sold it to the defendant Haug, who in turn sold to the defendant Van Schoiack. A trial was had in the court below, which resulted favorably to the defendant. This appeal necessitates a trial *de novo* in this court.

(1) Appellant insists that the deposit of the deed with Nelson did not constitute an escrow, because at the time of the delivery plaintiff expressly reserved dominion over the instrument. Plaintiff and his wife testify that at the time of the deposit plaintiff told Nelson that the deed should not be delivered until plaintiff had personally, or by written order, authorized such delivery. This is in a slight measure corroborated by one Gallagher, who testifies that at a later date, in his presence, plaintiff asked Nelson if he had not so claimed, and Nelson had answered "Yes." On the other hand, Nelson testifies

that the deed was deposited with him to be delivered when Lanz should have sent or brought a deed from himself and wife covering the Wisconsin land, together with the $100 which was to be paid in addition. Brixsley's testimony corroborates that of Nelson. The testimony of plaintiff does not appeal to us. For instance, he admits that, two or three days after he had left the deed with the bank, he went and asked Nelson if the Lanz deed had been received. He further admits going back to the bank a few days later, and again inquiring if the deed had come. He also testifies that he might have said to Nelson that he was afraid that Lanz was going to back out, and then a minute later he swears positively that he did not make that admission. He also testifies he expected the deed to be sent to a bank at Cogswell, North Dakota, although he inquired twice for it at Nelson's bank. He also testifies that he went to Wisconsin to examine the land, in company with Brixsley and Lanz, and walked something like 2 miles over the tract, examined the buildings, and noticed the same were dilapidated, and yet made the claim that he had been defrauded by those two parties in that they misrepresented the value of the land to him. We will give a short extract from the testimony along this point:

At the time you entered into this contract, you knew what the land was, from having seen it, didn't you?
A. I didn't know what it was. I went by what Brixsley told me.
Q. You what?
A. I went by what Brixsley told me.
Q. You had seen it yourself?
A. How could I see it by running across it?
Q. You went clear from here to Wisconsin to look at this land, and then you say you ran across it so fast that you could not see it?
A. Yes, sir.
Q. You forgot what you went down there for?
A. Almost, I guess. I believe almost.

Again, plaintiff testifies that in case the deal made was satisfactory to him he was to give to the agent Brixsley a certain commission, and

that shortly after the signing of exhibit F he satisfied the same by giving to Brixsley a colt. Upon this point he testifies:

Q. At the time you came here, you thought the deal was through, and turned over the colt to him?

A. I turned over the colt to him, like a fool.

Q. How long was that after your deed had been put in the bank?

A. Only a day or so.

Q. You were still satisfied at that time?

A. I was partly satisfied.

Again he testified relative to the buildings upon the Wisconsin farm.

Q. They (the buildings) looked pretty bad?

A. They looked pretty tough.

Q. You saw that the first time that you were there?

A. Yes.

Q. Tough looking farm all around?

A. Yes.

Q. And the buildings were all run down?

A. Yes.

Q. And the land was all stony?

A. Well, that is what you asked me before; there were lots of stones. I thought there were lots of stones, and they told me there were just a few here and there.

Q. When you got there and saw the farm you thought there were lots of stones; where did you get that impression—did you see some stones?

A. Yes, I saw some.

Q. And you thought there must be some more where you saw them?

A. Yes, sir.

Q. You were hurrying along?

A. Yes, you bet. That is what we were.

Q. You didn't get suspicious?

A. I was getting suspicious.

Q. When you got suspicious, why didn't you stop and take more time?

A. That is what I ought to have done.

Q. Why didn't you?

A. Because they were helloing for me to come.

Q. Do you mean to say that when you went from here, three or four hundred miles to Canton, to look at this piece of land, you went out and ran over the land so fast that you couldn't tell whether it was stony, but thought you did see some rocks on it?

A. Yes.

Again he testifies:

Q. Do you know a man by the name of Deitz in your neighborhood?

A. Yes.

Q. Do you remember of having a talk with him about a week or so after getting back from looking at that land?

A. May be, I talked with him.

Q. Do you remember of telling him that it was a fine country down there? That it would be a great deal better for dairying than this was,—and asked him to go down and look it over, and see if he could get a quarter lying west of the one you got?

A. At that time I did not know that they were lying to me so.

Q. You did say that, then, to Deitz?

A. Yes, I did say that.

Q. About a week after you got back from your trip?

A. Something like that.

Again he testifies:

Q. That is all you told Brixsley,—that he was selling the land for too much?

A. Yes, sir.

Q. It wasn't worth that much?

A. No, it wasn't.

Q. That is the only reason that you ever stated to Brixsley why you were not carrying out the deal, isn't it?

A. I wasn't satisfied.

Q. In other words, you changed your mind about wanting to trade, didn't you?

A. I guess I did.

Q. That is the sum and substance of it, isn't it?

A. When I found out how things were.

Q. Made up your mind you didn't want to give up your land for that land, didn't you?

A. Yes, sir.

Neither is the testimony of plaintiff's wife convincing. She did not hear all of the conversation, and was unlikely to have remembered the same in detail. The testimony of the witness Gallagher is not entirely inconsistent with that of Nelson. The foregoing testimony raises a strong conviction in our minds that, at the time of the deposit of the deed, plaintiff was satisfied with the trade that he had made, and this in turn indicates an irrevocable deposit of the deed. We have therefore reached the conclusion that the trial court was correct in its finding that plaintiff deposited the deed with Nelson to be delivered to Lanz upon his paying $100 and furnishing a deed to the Wisconsin land.

(2) Appellant next insists that, even if the deposit were made under the circumstances outlined in the foregoing paragraph, it would not amount to a deposit in escrow because there was no pre-existing contract of sale of the land in controversy. His position as stated in the brief is that "without a legal, binding, and enforceable contract to sell and buy the property, a conveyance thereof cannot be delivered in escrow," and in support of his contention we are cited to Fitch v. Bunch, 30 Cal. 208; Stanton v. Miller, 58 N. Y. 192; Campbell v. Thomas, 42 Wis. 437, 24 Am. Rep. 427, and other cases. This question is extremely complicated. It seems that to constitute an escrow there must be a pre-existing contract of sale antedating the escrow agreement itself. Otherwise, the deed so deposited could be withdrawn. It is this difference of irrevocability that distinguishes an escrow from an option or offer of sale. It is stated at 16 Cyc. 562, that "in the great majority of cases, the instrument deposited, together with the stipulation as to the condition or the event upon performance or happening of which the instrument is to take effect, constitutes a contract; indeed, by the general rule there must be a valid agreement between the parties, containing all the elements of a contract; and, as in other contracts, the consideration may be either a benefit to the promisor or a detriment to the promisee. There is, however, a class of cases where no contract exists, as where an instrument for the conveyance of land is deposited with a third person to be delivered to the grantee upon the death of the grantor." In the case note to Manning v. Foster, 18 L.R.A. (N.S.) 337, it is stated: "It seems to be well settled that that rule of evidence which prohibits a written contract to be contradicted

or varied by parol evidence has no application to a delivery of a deed in escrow,—that is, a delivery to a third person to take effect upon the happening of some condition,—as all the authorities are agreed that the condition upon which a deed is thus delivered may rest in and be proved by parol." Willard's Eq. Jur. page 267, says: "The only exception to the rule with respect to mutuality is when an agreement under the statute of frauds has only been executed by the party sought to be charged. In this class of cases, although the plaintiff has not signed the agreement, . . . yet he can enforce it against the other party, by whom it has been executed." See also Worrall v. Munn, 5 N. Y. 229, 55 Am. Dec. 330; Gira v. Harris, 14 S. D. 537, 86 N. W. 624. The holding of those cases seems to be that, to constitute an escrow and render the deposit irrevocable, there must be a contract between the proposed purchaser and proposed seller, which in turn, to satisfy the statute of frauds, must be evidenced by a memorandum in writing signed by the party sought to be bound thereby. However, the contract, in so far as it affects the second party, who has made no deposit in escrow, need have no memoranda to satisfy the statute of frauds because he has not deposited evidence of title to land, although, forsooth, he may bring to the bank a deed as a measure of payment. In other words, Seifert is the party who has made a deposit in escrow. This deposit must be preceded by a binding contract between himself and Lanz. Otherwise, it would be a mere offer to sell, or option, and would be revocable. To be irrevocable and an escrow, it must be preceded by a contract enforceable against Seifert; otherwise, it would run contrary to the statute of frauds. But Lanz had made no deposit of a deed, and the contract, so far as he is concerned, need have no memoranda in writing, although part of the purchase price which he was to pay to Seifert was a deed to Wisconsin lands.

(3) Accepting the law as outlined in preceding paragraphs, we apply it to the facts at hand. As stated before, the agreement was made in writing between Lanz and Seifert; is designated in the record as exhibit F, and reads as follows:

Newark, S. Dak., June 27, 1910.

Received of Fred Seifert on account of purchase made by him this day to the undersigned, Otto W. Lanz, of the following described real

estate situated in Sargent county, state of North Dakota (describing North Dakota land), for the sum of $6,700 upon the following terms: The sum of $10 at or before the execution of this contract. $100 on July 11, 1910. The balance to be a quarter of land (161 acres) located near Canton, Wisconsin, purchased of Joseph Floor, same being the land shown by Lanz to Seifert and Brixsley as being the land to be delivered, both tracts of land being executed subject to the encumbrance now against them, namely $2,500 against the land now owned by Seifert, and $1,800 against the land now owned by Lanz, said lands being the same lands above described. Each party to this contract is to deliver his land with all interest and taxes paid to date.

A reasonable time, not exceeding ten days, after delivery of abstract, is to be allowed for examination of title, and the form of conveyance is to be warranty deed in each case, title to each contract of land to be marketable, and in case the title shall be ascertained to be unmarketable to such an extent as to warrant the purchaser in refusing the same, and he shall so refuse the same upon that ground, or the owner refuses to accept sale, the vendor shall not be liable for any damages, and the said sum of $10 paid by the purchaser shall be returned to him, and if the title is found to be marketable, and this trade—the deed or contract being tendered—is not closed within the time as herein named, said earnest money is forfeited as a consideration paid for this agreement, and said vendor shall be considered to have fully performed his part of this agreement, and may declare this contract terminated, and in case of any encumbrance on this land the purchaser agrees to assume the same and take it from the purchase price. Time is made the essence of this agreement. Said purchasers hereby accept the conditions of the foregoing contract. In testimony whereof said parties have hereunto respectively set their hands and seals, the day and year above mentioned.

(Signed) Otto W. Lanz,
Fred Seifert.

Appellant insists that this agreement does not constitute an enforceable contract as outlined in paragraph two of this opinion, because: (a) The land in controversy was a homestead, and plaintiff's wife did not contract to convey; (b) Defendant Lanz was a married man, and his wife did not join in the contract; (c) that it appears from exhibit

F itself that it was terminable at will by either party; and (d) said contract did not describe the Wisconsin lands. After long and careful consideration we have reached the conclusion that none of these objections are valid. As to the first, it is sufficient to say that when the wife joined in the deed which was deposited with exhibit F in escrow, she bound herself as effectually as though she had signed exhibit F also, and that the plaintiff herein is likewise estopped to assert this objection. See Ryan v. United States, 136 U. S. 68, 34 L. ed. 447, 10 Sup. Ct. Rep. 913; Bayne v. Wiggins, 139 U. S. 210, 35 L. ed. 144, 11 Sup. Ct. Rep. 521; Knopf v. Hansen, 37 Minn. 215, 33 N. W. 781; Hughes v. Thistlewood, 40 Kan. 232, 19 Pac. 629; Manning v. Foster, 49 Wash. 541, 18 L.R.A.(N.S.) 337, 126 Am. St. Rep. 876, 96 Pac. 233; Johnston v. Jones, 85 Ala. 286, 4 So. 748; Epperly v. Ferguson, 118 Iowa, 47, 91 N. W. 816; Kettering v. Eastlack, 130 Iowa, 498, 107 N. W. 177, 8 Ann. Cas. 357; 13 Cyc. 614.

Thus exhibit F, reinforced by the signature of the wife upon the deed, is valid as against this attack. We do not believe there is anything in Arnegaard v. Arnegaard, 7 N. D. 478, 41 L.R.A. 258, 75 N. W. 797, nor Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544, inconsistent with this holding. Appellant makes an ingenious argument which is hard to answer upon this very proposition, but we believe the equities of the case, as well as the great weight of the decisions, are against his position, and we so hold. As to the second proposition, that Mrs. Lanz had not signed exhibit F, it need only be said that the deed to the Wisconsin land was not deposited in escrow, and comes under an entirely different rule; besides, Mrs. Lanz actually signed the deed to the Wisconsin land before it was offered. As to the third proposition, that exhibit F shows upon its face that it is terminable at will by either party, the instrument speaks for itself, and we do not believe it bears the interpretation claimed by appellant. And, fourth, the description of the Wisconsin land while not sufficient for a deed, is sufficient to cover the initial contract. There is no contention that the deed offered by Lanz did not cover the identical tract shown to Seifert and described in exhibit F. It is our conclusion that exhibit F was a sufficient contract to support the escrow agreement, and that as against this attack the deed deposited by plaintiff was deposited as an irrevocable escrow.

(4) Appellant next says that, "even assuming exhibit B to have been deposited by plaintiff with Nelson in escrow, the escrow terminated when plaintiff, because of the fraud of the defendant Lanz, timely rescinded the transaction." Without setting forth more of the evidence, we state that in our opinion no fraud has been shown upon which to base a rescission, thus rendering unnecessary a discussion of the law upon that subject.

(5) Appellant next says that, "even assuming exhibit B to have been deposited by plaintiff with Nelson in escrow, the escrow terminated upon Lanz's failure to comply with the conditions of the escrow agreement within the time thereby limited." The evidence upon this is also lengthy and of no public concern. We will content ourselves with saying that an examination of the same convinces us that the deposit was in fact made within ten days.

(6) Lastly, it is contended that the description of the Wisconsin lands was filled in, in part, at least, after it had been signed by Mrs. Lanz. By delivering the deed to her husband with part of the description in blank, she authorized him to supply the deficiency. This presents an altogether different question than one wherein there is an entire absence of description. Minor details of a description of a particular piece of land may be supplied, where the intention of the grantor has been already fully expressed. The foregoing disposes of all of the objections of the appellant.

Our conclusion is that the deed, exhibit B, was deposited in escrow; that all the terms of the same have been fully met by the defendants; that the delivery of the deed by Nelson to Lanz was proper and the title duly passed thereunder. Judgment of the District Court is in all things affirmed.