Hemmenway agt. Mulock.

# SUPREME COURT.

## WILLIAM F. HEMMENWAY agt. WILLIAM G. MULOCK and others.

*Mortgage — Agent for the purpose of procuring a loan — Effect of agent's filling in name of mortgagee after execution of mortgage — Estoppel.*

Where B., an attorney, had been requested by the mortgagor to procure him a loan on the property and the papers were executed and acknowledged by M., the mortgagor, and after execution and acknowledgment were sent by K., and by him delivered to B. for the purpose of obtaining a loan thereon, and B. applied to H., the plaintiff, who consented and gave B. a check for $5,000, the amount asked for, and received the bond and mortgage from B. and delivered the latter to B. to record, the mortgagor and mortgagee never having seen each other:

*Held,* that B. was M.'s agent for the purpose of raising money on the bond and mortgage, and the delivery of the same by B. to H. was a good delivery and binding upon M., the defendant, and that the payment of the $5,000 by H., the plaintiff, to B. was a payment to M., the defendant, through his agent.

Although the name of the mortgagee was not filled in at the time of the execution of the mortgage, under the peculiar circumstances of the case, the papers must be *held* to have been delivered to B. by the mortgagor with authority to fill in the name of the mortgagee.

A bond and mortgage executed in *blank* as to a *material* part, with *parol* authority to fill up the blank and deliver it, is good.

B., the agent of defendant, drew the money on plaintiff's check for $5,000 but did not pay it to defendant, claiming some unsettled account between them, and after some months sent $3,500 back to plaintiff. Plaintiff commenced foreclosure which was settled by the mortgagor signing a paper dated December 9, 1876, acknowledging the payment to B. of the $1,500 on account of the mortgage, and on this plaintiff paid the mortgagor the $3,500 balance:

*Held,* that if one of two innocent persons must suffer pecuniary loss from the dishonesty of B., that the defendant is the person who must sustain the loss.

*Held,* further, that the defendant, by the execution of the instrument dated December 9, 1876, is estopped from denying the validity of the bond and mortgage on the ground that the mortgagee's name was not inserted at the time the instrument was executed.

*Special Term, January,* 1878.

THIS action was brought to foreclose a mortgage for $5,000 given by defendant Mulock to the plaintiff on premises in the city of New York. It appeared that one Berry, an attorney, had been requested by the mortgagor (defendant Mulock) to procure him a loan on the property, and Berry applied to plaintiff to make same; plaintiff consented and told Berry he should expect him to see that the title was right. Berry reported the title as good and plaintiff gave him a check for $5,000, and received the bond and mortgage and delivered the latter to Berry to record. The mortgagor and mortgagee never saw each other. Berry drew the money on the check but did not pay the money to Mulock, claiming some unsettled account between them and after several months sent $3,500 back to plaintiff. Interest being unpaid, plaintiff commenced foreclosure which was settled by the mortgagor signing a paper acknowledging the payment to Berry of the $1,500 on account of the mortgage and on this plaintiff paid the mortgagor the $3,500 balance and proceedings were discontinued. The present suit was instituted on a subsequent default of interest. Defendant claimed, and gave evidence to the effect, that the bond and mortgage was sent to him for execution by Berry and when executed and returned by him to Berry the mortgagee's name was not inserted. It appeared that the name was inserted by Berry's clerk who drew the papers and the instrument was complete when plaintiff first saw them, and when he gave his check to Berry. Defendant claimed that Berry was plaintiff's agent and there was no authority in him to insert the mortgagee's name; that Berry having retained the $1,500 and not paid it to defendant, the latter was not chargeable with that sum as a payment on

account of the loan, and that as to the $3,500 subsequently paid, the agreement recognizing the $1,500 payment had been exacted from defendant as a condition of his receiving the $3,500 and made the latter payment usurious.

*J. H. V. Arnold,* for plaintiff.

*Dudley Field,* for defendant.

LAWRENCE, *J.* — That Berry was the agent of Mulock, for the purpose of procuring a loan on the faith of the bond and mortgage produced upon the trial, cannot, I think, be doubted.

The papers were executed and acknowledged by Mulock, and sent over to New York by Kalisch and by him delivered to Berry for the purpose of obtaining a loan thereon. This is quite evident, I think, not only from the testimony of the defendant Mulock, and of the witness Kalisch, but also from the language of the defendants' letters. Writing to Berry under date of October 5, 1875, Mulock urges Berry to try and get the " money for me as soon as possible," and in the letter of October 9, 1875, he says, " you said you would have the money this week ; to-day is Saturday and I have not had one line from you." These letters were both written after the execution and acknowledgment of the bond and mortgage before the commissioner of deeds.

The testimony in regard to the name of the mortgagee not having been filled in at the time of the execution of the mortgage is not very positive, and it would be exceedingly difficult to say, from an inspection of the instrument itself, that there is any indication that the name was inserted subsequently. Even if such insertion was made by Berry after the papers had been handed to him by Kalisch, I am of the opinion that under the peculiar circumstances of this case, the papers must be held to have been delivered to Berry with authority to fill in the name of the mortgagee.

The bond and mortgage, as I have determined on the evi-

Hemmenway agt. Mulock.

dence, were delivered to Berry, as Mulock's agent, for the purpose of raising money thereon. This would appear to bring the case within the principle maintained in *Knapp* agt. *Maltby* (13 *Wend.*, 590), *Texvia* agt. *Evans* (1 *Anst.*, 228) and in the cases cited in 3 *Washburne on Real Property* (4th ed., p. 242). The cases cited by the learned counsel for the defendant were, as I understand them, cases in which material alterations were made in instruments after execution, without the authority of the party to be affected by the alterations, and where, from the circumstances of the case, there could have arisen no implication that it was intended to confer an authority to make such alteration or additions.

I am, therefore, of the opinion that the delivery of the bond and mortgage by Berry to Hemmenway was a good delivery, and binding upon the defendant, and that the payment of the $5,000 by the plaintiff to Berry was a payment to the defendant through his agent.

It follows, then, that if one of two innocent persons must suffer pecuniary loss from the dishonesty of Berry, that the defendant is the person who must sustain the loss.

I am further of the opinion that the defendant, by the execution of the instrument dated December 9th, 1876, which I cannot but conclude was executed with a full knowledge of all the facts, is estopped from denying the validity of the bond and mortgage on the ground that the mortgagee's name was not inserted at the time the instrument was executed. So far as the defense rests upon the question of usury, I deem it sufficient to say that I do not think that it has been established.

The plaintiff is entitled to a decree of foreclosure and sale. The findings may be settled on two days' notice.