## VAL BLATZ BREWING COMPANY v. DALRYMPLE.

1. Where a referee in mortgage foreclosure resided in the judicial circuit in which the action was pending, as required by Code Civ. Proc. § 283,

at the time of his appointment, his removal from the state after the trial of the case, and before he made his report and findings, did not affect the jurisdiction of the circuit court to enter judgment of foreclosure.

2. Conceding that the act of a referee in an action to foreclose a mortgage, in making his findings and report after his removal from the state, constituted an irregularity for which the report might have been set aside, yet, where no exception to the report was taken and no motion was made to vacate the same on that ground before the entry of judgment, the irregularity was waived, and the judgment was not subject to be set aside for that reason.

3. A stipulation in an action to foreclose a mortgage that the sale may be confirmed constitutes a formal waiver of any irregularity in the act of the referee in failing to file his findings and report until after his removal from the state.

(Opinion filed June 1, 1904.)

Appeal from circuit court, Marshall county; Hon. JULIAN BENNETT, Judge.

Action by the Val Blatz Brewing Company against Madison Dalrymple. From an order setting aside the report of a referee, plaintiff appeals. Reversed.

*Byron Abbott,* for appellant.

Chap. 100, Session Laws 1891, does not make residence of a referee within the state a jurisdictional prerequisite. This statute does not designate the qualifications a referee must possess.

Respondent by failing to make his objections to the qualifications of the referee with full knowledge of the facts prior to the judgment, is estopped from making these objections to this record at this time. Sutterfield v. McGowen, 12 S. D. 139.

Respondent having procured the order confirming the proceeding in this foreclosure record by stipulation, he is bound

by his stipulation.   Bailey v. Scott, 1 S. D. 337; Brick v. Brick, 31 N. W. 907; Chapin v. Perrin, 8 N. W. 721; 2 Cyc. 649; 2 Enc. Pleading & Practice, 99 and 650-651.

*W. S. Glass*, for respondent.

The proceeding, so far as the referee's report is concerned, and all subsequent acts and proceedings on the part of the court, were void.   The whole proceedings in said action after the referee left the state of South Dakota were *coram non judice* and utterly void, and no subsequent waiver, of consent or anything else, could render them valid.   Oakley v. Aspinwall, 3 N. Y. 548; Hibbard v. Odell, 16 Wis. 635; Hall v. Thayer, 105 Mass. 224; Chase v. Weston, 39 N. W. 246.

CORSON, P. J.   This is an appeal by the plaintiff from an order, made on a motion of the defendant, vacating and setting aside the report of a referee made and filed in the action.   The action was instituted in 1890 to foreclose a real estate mortgage executed by the defendant, who was personally served with summons, and appeared in the action by an attorney. The case was referred to the Honorable H. H. Potter by stipulation of the parties, who at the time was a resident of Brown county, in which county the action was instituted, and where it was tried by the referee.   Before the referee made his report, however, he removed to Minneapolis, in the state of Minnesota, and his findings of fact and conclusions of law were there made and filed in the circuit court of said Brown county on the 24th day of July, 1900.   The attorneys for the defendant filed exceptions to the report of the referee, but no exceptions to the report were taken on the ground that the referee's report was made by him after his removal from this state.

The exceptions were overruled, and judgment was entered for the plaintiff on the 17th day of November, 1900, and the mortgaged premises were sold by the sheriff on the 24th day of December, 1900, his report of sale made thereon, and, no redemption having been made, a sheriff's deed was issued on or about the 24th day of December, 1901, and the sheriff's report of sale was confirmed—said report containing the following stipulation: "It is hereby stipulated and agreed that the within report may be confirmed, and notice of confirmation is hereby waived. Dated December 14, 1901"—and signed by the defendant's attorney.

It clearly appears from the affidavits of the plaintiff that at the time the referee made his report the attorney for the defendant was fully advised of the fact that the referee had removed from this state, and was then a resident of Minneapolis. The order of the circuit court appealed from, vacating and setting aside the report of the referee, was made and entered on the 17th day of March, 1903.

It is contended by the defendant, in support of the order made by the circuit court vacating and setting aside the report of the referee, that the report of the referee and his findings of fact and conclusions of law were absolutely void, for the reason that the same were made by him after his removal from this state, and from the judicial district in which the action was pending, and that the order of the circuit court, therefore, in vacating and setting aside the report, was right. The plaintiff, on the other hand, contends that the circuit court entering the judgment upon which the property was subsequently sold had jurisdiction of the subject matter and of the person, and that the act of the referee in making his report after

his removal from the state was not a void act, but only an ir-regularity that could be, and was, waived by the defendant, through his counsel, by his failure to except to the same or bring the same to the attention of the trial court before or at the time of the entry of the judgment, and by stipulating that the sale be confirmed, and that the circuit court therefore had no authority to make the order vacating and setting aside the re-port.    We are of the opinion that the position of the counsel for the plaintiff is right, and that the court erred in making the order of March 17, 1903.    The referee at the time of his appointment was eligible to act as such referee, being then a resident of the judicial circuit in which the action was pending. Section 283, Code Civ. Proc.    His removal from the state after the trial of the case, and before he made his report and find-ings and conclusions of law at Minneapolis, did not take away or affect the jurisdiction of the circuit court to enter judgment of foreclosure in the action.

It may be conceded that the act of the referee in making his findings and the report after his removal from the state constituted an irregularity for which the same might have been set aside, had exception been taken or a motion been made at the proper time in the circuit court; but as no exception to the report was taken or motion made therein to vacate or set the same aside upon that ground before the entry of the judg-ment, the irregularity was waived, and the judgment entered by the court having jurisdiction of both the subject-matter and the person, and which judgment was not appealed from or re-versed, is conclusive of the rights of the parties, and was not subject to be set aside on motion.    Knox v. Jones. et al., 47 N. Y. 389; Elliot v. Peirsol, 1 Pet. 328, 7 L. Ed. 164.

The failure of the defendant to except to the report on the ground that the referee, after his removal from the state, had no authority to do any further act, was not only, in effect, a waiver of the irregularity, but the same was formally waived by counsel for the defendant by stipulating that the sale might be confirmed. Wiltsie on Mortgages, § 556; Bingham v. Board, 6 Minn. 136 (Gil. 82).

These conclusions lead to a reversal of the order of the circuit court appealed from, and the same is reversed.