# W. J. BRUGMAN, Respondent, v. J. CHARLSON and Jalmer Jacobson, Appellants.

(4 A.L.R. 400, 171 N. W. 882.)

**Deeds — validity — blank name of grantee.**

1. A deed delivered with the name of the grantee therein blank, with no proper authorization shown to fill in the name of the grantee, is void in law on its face.

**Specific performance — offer of performance by plaintiff — ability to convey title.**

2. In an action for specific performance to enforce a contract for the sale of land by the vendor, where such vendor has tendered, or has offered to perform by the delivery of a deed delivered to him by his grantors with the name of the grantees therein blank, and where the vendor does not show an ability to furnish a title, or a conveyance directly from his grantors to the purchaser, or from himself to the purchaser, which is reasonably free from doubt, equity will not decree specific performance.

**Specific performance — tender of title — fraud of creditors.**

3. Where a vendor of a contract to convey real estate seeks to enforce specific performance thereof, and where it appears that the title to such vendor is evidenced by a deed delivered to him with the name of the grantee therein blank, so taken for the purpose of avoiding notoriety of his title, equity will not aid him in specifically enforcing his contract, where he seeks to furnish this deed as a title direct from his grantors to the purchaser, and to avoid thereby possible claims and demands of his judgment creditors.

Opinion filed March 18, 1919.

Action for specific performance.

From a decree entered therefor in District Court, Ward County, *Leighton,* J., defendants appeal.

Reversed, with instructions to enter judgment for defendants.

*Halvor L. Halvorson,* for appellants.

*Greenleaf, Wooledge & Lesk,* for respondent.

NOTE.—As to whether a deed blank as to the grantee, in the chain of title, is such a defect as will prevent specific performance of contract for the sale of real estate, see note in 4 A.L.R. 408, on specific performance of land contract where there is a deed blank as to grantee in chain of title.

On the question of execution of deed with the name of the grantee in blank, see note in 10 Am. Rep. 267.

BRONSON, J. This is an action for specific performance to enforce a contract for the sale of land. The facts substantially are these: On March 30, 1917, the defendants made with the plaintiff a written contract, which provided that the plaintiff agreed to sell, and the defendants agreed to buy, 160 acres of land in Mountrail county, for a consideration of $1,500, taxes and interest to be paid to date. At the time the contract was made, the title to the land stood of record in the names of C. H. Reynolds, C. H. Fiegenbaum, and Anne L. Keogh, in fee. At the same time there was outstanding of record, and in fact, a mortgage made by such fee owners for the sum of $1,400. The plaintiff claims to be the owner of the land. He received a warranty deed therefor from the grantors with the name of the grantee therein left blank. This deed he tendered to the defendants and he testified that he was willing to fill in the names of the defendants, as grantees therein. He further testified he had a written privilege to fill in such blank from C. H. Reynolds, but this written privilege was not introduced in evidence. He did not tender to the defendants any deed from himself as vendor; he had no deed from such grantors excepting the deed in blank. He testified that his mother was holding, and had been holding, for some two months, this blank deed, as well as the $1,400 mortgage, and the satisfaction thereof, as collateral security for moneys his mother had advanced to him. The defendants refused to perform, basing their objections largely upon an alleged oral understanding that the plaintiff would furnish the money to finance the transaction, or the means so to do; and that the plaintiff had not carried out his oral promise. It appears that there were some judgments against the plaintiff, the amounts of which are not shown. The plaintiff testified that the defendants did not want a deed through him, because of these judgments, and because, further, it would cloud the title. The answer of the defendants sets up two defenses: First, that the written contract in question did not contain all of the agreements made between the parties; and, second, that the plaintiff was not the owner of the property, and never tendered performance on his part. Upon trial, the district court, pursuant to findings made, rendered a decree of specific performance, requiring the defendants to pay $1,635 and costs, and upon refusal so to

do, to be subject to execution therefor. From this judgment the defendants appeal, and ask a trial *de novo* in this court.

Clearly, upon well settled principles of law, the plaintiff upon the record herein is not entitled to specific performance of the written contract.

Section 7220, Comp. Laws 1913, provides: "An agreement for the sale of property cannot be specifically enforced in favor of a seller who cannot give to the buyer a title free from reasonable doubt."

In Easton v. Lockhart, 10 N. D. 186, 86 N. W. 697, this court said that it was well settled that a purchaser of land cannot be compelled to accept, or to pay the purchase price, in a case where the vendor's title is so clouded by claims and demands that the same is not a marketable title. See also Black Hills Nat. Bank v. Kellogg, 4 S. D. 312, 56 N. W. 1071.

It matters not whether the written contract in question, or the actions or attitude of the parties with reference thereto, be construed to mean that the title was to proceed from the original grantors named, or from the plaintiff. Under either construction the plaintiff shows neither a readiness nor even an ability in the record herein to convey a marketable title or a title free from reasonable doubt. McVeety v. Harvey Mercantile Co. 24 N. D. 245, 139 N. W. 586, Ann. Cas. 1915B, 1028; Brugger v. Cartier, 29 N. D. 575, 151 N. W. 34.

On its face, the deed delivered to the plaintiff with the name of the grantee therein blank, with no proper authorization shown to fill in the name of the grantee, was void and conveyed no title. Henniges v. Paschke, 9 N. D. 489, 81 Am. St. Rep. 588, 84 N. W. 350; Ballou v. Carter, 30 S. D. 11, 137 N. W. 603; Lund v. Thackery, 18 S. D. 113, 99 N. W. 856; Clark v. Butts, 73 Minn. 361, 76 N. W. 199; Tiffany, Real Prop. vol. 2, page 867.

The delivery of this deed, so in blank, or even with the names of the defendants therein inserted without proper authorization shown from the original grantors, would still remain, on its face, void, and would convey no title: Burns v. Lynde, 6 Allen, 305; Dal v. Fischer, 20 S. D. 426, 107 N. W. 534; Ingram v. Little, 14 Ga. 173, 58 Am. Dec. 549.

Furthermore, § 5499, Comp. Laws 1913, provides that the redelivering of a deed to the grantor or the canceling of the same does not

operate to transfer the title. This statute was given effect in Russell v. Meyer, 7 N. D. 340, 47 L.R.A. 637, 75 N. W. 362, by the recognition of the well-known principle of real property law that the redelivery of a deed or its cancelation by the grantee, and the issue of a new deed from the original grantor to another and subsequent grantee, does not serve to devest the title of the former grantee. What might be the rights of the parties in equity in such cases, upon principles of equitable estoppel, is another matter. Matheson v. Matheson, 139 Iowa, 511, 18 L.R.A.(N.S.) 1167, 117 N. W. 755. See note in 18 L.R.A.(N.S.) 1170; McCleery v. Wakefield, 76 Iowa, 529, 2 L.R.A. 529, 41 N. W. 210; Garland v. Wells, 15 Neb. 298, 18 N. W. 132.

The defendants are entitled to receive a title fair and legal on its face. It is clear from the record that the plaintiff has shown no ability to furnish such title from the original grantor. He has not even shown that the original grantors are willing to issue a new deed direct to the defendants. Through himself, the plaintiff cannot upon the record furnish a proper title as required. Clearly he has no legal title. Even though he did, he can furnish the same only subject to the claims and demands of judgment creditors.

Furthermore, the plaintiff's claims do not appeal to the conscience of the court. He seeks in a court of equity to gain the advantage of a business transaction which ordinarily and in course of law should be subject to the claims of judgment creditors, and to have the court protect him, as well as the defendants, against their demands, and forsooth without their knowledge of his property rights in the premises. The law demands notoriety of his title. He has sought to have it secret and hidden. Equity will not aid him in these purposes.

The judgment of the trial court is reversed with instructions to enter judgment for the defendants with costs in both courts.

ROBINSON and GRACE, JJ., concur.

BIRDZELL, J. I concur in the result and in the reasons assigned therefor, but I see no occasion for any discussion relative to the proper authorization to fill the blanks in a deed. What would constitute a proper authorization is, of course, not involved in this case, and what is said on that subject is obviously a mere dictum.

BRONSON, J. (addendum)    In the opinion of the court herein the following principle of law is stated: "On its face, the deed delivered to the plaintiff with the name of the grantee therein blank with no proper authorization shown to fill in the name of the grantee was void and conveyed no title."

Justice Christianson, in his concurring opinion, attempts to dissent concerning this principle and contends that such principle is not necessarily involved in this case.

In order that there may be no misunderstanding upon a possible petition for a rehearing, further views are herewith expressed in this addendum opinion to show that this principle is involved, and that this principle of law so announced is well settled, not only in this state, but by the overwhelming weight of authority, and that the same is fundamental in real property law.

Justice Christianson attacks the principle stated, and then begs the question by admitting the principle stated.    He states that no one will contend that a deed without a grantee is a complete valid deed. Thereupon he proceeds to quote authorities concerning when a deed with the name of the grantee therein blank may become valid pursuant to an implied, oral, or written authority given to fill in the name of a grantee.    In other words, he is attempting to assume that the principle as stated in the opinion is that a deed delivered to the plaintiff with the name of the grantee therein blank is void and conveyed no title. This is not the principle stated or asserted.    His improper assumption is apparent.    He does not contend, nor are any of his authorities quoted in point to demonstrate, that a deed delivered to a grantee with the name of such grantee therein blank, *with no proper authorization to fill in the name of any grantee,* is a valid deed on its face.

In Drury v. Foster, 2 Wall. 24, 17 L. ed. 780, a blank in a mortgage deed by the wife was filled in by the husband, before delivery, held that parol authority was sufficient.

In White v. Vermont & M. R. Co. 21 How. 578, 16 L. ed. 223, the subject-matter was negotiable bonds delivered in blank.

In Threadgill v. Butler, 60 Tex. 599, parol authority was shown to fill in the name of the grantee or that of any other name in a deed delivered with the name of the grantee therein blank.    In that case the deed, the subject-matter of the suit, had therein named a grantee.

In Board of Education v. Hughes, 118 Minn. 404, 41 L.R.A. (N.S.) 637, 136 N. W. 1095, the court quoted the well-settled rule that a deed that does not name a grantee is a nullity and wholly inoperative as a conveyance until the name of the grantee is inserted, citing, Allen v. Allen, 48 Minn. 462, 51 N. W. 473; Clark v. Buttz, 73 Minn. 361, 76 N. W. 199; Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654. In that case the deed was delivered to Hughes with the name of the grantee therein blank. Thereafter Hughes filled in his own name as grantee. It was held that implied authority could be shown under the circumstances. It will be noticed in that case that the deed involved did in fact, have a grantee when presented to the court for consideration. In the same state, in Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654, it was held that where the assignment of a mortgage was executed with the name of the assignee blank, and thereafter someone, not the mortgagee, but unknown to the plaintiff, the mortgagor, and the mortgagee, inserted the name of the defendant, Morrow, in the paper and filed it for record, no authority being shown so to do from the mortgagee, the instrument was a blank and a nullity.

In Fennimore v. Ingham, — Tex. Civ. App. —, 181 S. W. 51, it was held that where a deed was given with the name of the grantee therein blank, with the understanding that the purchaser could insert the name of the purchaser from him, this constituted a power coupled with an interest, which passed impliedly to the subsequent purchaser, and that when the name of the subsequent purchaser was inserted as grantee, the whole title passed to him, devesting all equitable interest of the previous vendors of the land. This holding is peculiarly to be noticed in connection with our specific statutory provisions, § 5499, Comp. Laws 1913, prescribing against the redelivery of a deed. Upon similar principles is the holding in Schleicher v. Runge, — Tex. Civ. App. —, 37 S. W. 982.

In South Berwick v. Huntress, 53 Me. 89, 87 Am. Dec. 535, the subject-matter involved was a bond and it was held that when authority is given to a person to fill up blanks, and thus perfect the instrument, its validity cannot be controverted.

In Lafferty v. Lafferty, 42 W. Va. 783, 26 S. E. 262, it was held that a blank in a deed left for a grantee's name may be filled by an agent under authority given by parol by the maker of such deed.

In Lamar v. Simpson, 18 S. C. Eq. (1 Rich.) 71, 42 Am. Dec. 345, where a title was taken for the benefit of the state in the name of a solicitor, and the legislature authorized him to convey to Henry Shultz, or to such person as he shall direct for his own use and benefit, and deeds were executed with the names of the grantees therein blank, it was held that authority was shown to fill in the name of a grantee therein.

In Seifert v. Lanz, 29 N. D. 139, 150 N. W. 568, the simple proposition involved is that where a wife executed a deed with some of the minor details of a description of a particular piece of land not supplied, and the husband filled the same in, the deed is not thereby invalidated. In Hall v. Kary, 133 Iowa, 465, 119 Am. St. Rep. 639, 110 N. W. 930, the principle is announced in the case as stated by Justice Christianson for the state of Iowa, but it will be noticed that in that case, as well as in the other cases, the deed in each instance involved was an instrument where the name of the grantee in fact had been filled in or inserted.

It is not necessary in this case to decide the questions upon the promise, improperly assumed by Justice Christianson, when an authority to fill in the name of a grantee is sufficient to make a deed valid; whether it must be in writing; whether, if resting in parol, it must be before delivery; or whether it may be after delivery; whether it may under certain circumstances be implied; or under what circumstances an equitable estoppel arises upon the grantor. These questions are not involved in the principle as stated, and it is perfectly so apparent upon a plain reading of the principle as stated.

The principle as stated is involved in this case, and directly so. The plaintiff claims to be the owner of the premises. His only monument of title is a deed delivered to him with no designated grantee therein; the deed still so remains. The record discloses no authority to him from the grantors to designate therein a grantee, either himself or someone else. This is an action for specific performance. What his equitable rights are in the premises, the defendants are not compelled to know or to assume. Surely, on its face this deed did not convey title to the plaintiff, until, at least his name as grantee is therein designated. Either the legal title is in the grantors of such deed, or it is in the plaintiff. If it is in the grantors, then title from the grantors

to the defendants can be transferred only by a deed from such grantors to the defendants direct, or if, as Justice Christianson, contends, the blank deed is good for such purpose, by the delivery of such deed to such defendants with authority of some kind shown .on the part of the plaintiff from such grantors to insert their names as grantees. The record does not show that the plaintiff is either ready or able or has any authority to give either of such requisite deeds:

Furthermore, if the title, either in law or in equity, is in the plaintiff, then such deed from the grantors to the defendants will not transfer plaintiff's title. Our statute, § 5499, Comp. Laws 1913, affirms this principle: If the redelivery of this deed to the grantors would not serve to revest such grantors with title, either legal or equitable, under the plain words of the statute, it is difficult to see how the redelivery of such deed by plaintiff to the defendants, would serve to revest plaintiff's title from himself to the defendants.

Furthermore, the principle announced is *stare decisis,* and well settled in this state. Justice Christianson's contention serves to either overrule or throw doubt upon this principle as heretofore announced in this state.

In Henniges v. Paschke, 9 N. D. 489, 495, 81 Am. St. Rep. 588, 84 N. W. 350, *it was contended that a deed delivered to one Walker was void because no grantee was named therein.* An action was brought to foreclose a real estate mortgage. The plaintiff was possessed of a mortgage prior in time to the date of defendant's deed. The notes securing the same were transferred to him before maturity. No written assignment was made of the mortgage. The plaintiff sought to have the title of the defendant subjected to the lien of the mortgage. The defendant relied upon the record title. He received a deed from one Walker who was the mortgagee in such mortgage. He also received a satisfaction of the such mortgage from such mortgagee. The plaintiff contended that the deed in the chain of title from Walker to the defendant was void. The deed in question so far as material read: "Know all men by these presents that I. F. T. Walker and Maggie J. Walker, his wife, of Sioux county and state of Iowa, in consideration of the sum of $1,000 in hand paid by John P. Walker, of Walsh county, North Dakota, do hereby quitclaim unto

the said————all right, title, and interest in and to the following described premises, etc."

This court said: "The objection to this instrument is that it does not designate a grantee. If this is true, it is without validity and effect, for it is an undoubted rule of law that a deed of real estate, to. be effective as a conveyance, must designate a grantee; otherwise no title passes. The designation of a grantee is just as necessary to the validity of the grant as a designation of the grantor and the description of the property. 9 Am. & Eng. Enc. L. 132, states the rule as follows: 'The deed must designate the grantee; otherwise it is a nullity and passes no title. If not named, the grantee should be so described as to be capable of being ascertained with reasonable certainty; and, if named, the name should be sufficient to identify the person intended, though it need not, as a matter of law, be accurate in every respect.' "

Concerning this contention and objection, this court held in that case that the deed in question did designate a grantee; that it designated John P. Walker by name as grantee with entire certainty, and was therefore a valid instrument. It is therefore readily apparent that this court has directly passed upon the principle stated.

The deed before this court herein is a deed with the name of the grantee therein blank. It is wholly beside the point to argue what might be the effect if a grantee therein had been inserted. The precise fact is that the deed has been and is still a deed with a blank grantee; and no authority has been shown in the record to fill in or write therein any grantee.

Furthermore, it will be well to see where the logic of Justice Christianson's argument would lead upon fundamental principles of real property law, concerning delivery, recordation, and the Statute of Frauds.

Is it the policy of the law, outside of equitable considerations between the parties, to promote the secret and covert conveyancing of real property, with the consequent uncertainty of titles resulting, or is the proper policy to promote a notoriety of title for the security of the parties as well as the public?

It requires merely a casual observation of the history of real property law to understand and appreciate that, to prevent fraud, imposition, insecurity in titles, the policy of the law both English and Amer-

ican, for a period extending over nine centuries of time, has been to require a notoriety of title. At first it was evidenced by the old feoffment with the requirement of a "livery in seisin." Then following the obviating attempts through uses and trusts by means of the bargain and sale conveyance and covenants to stand seized to uses, whereby the frauds imposed upon the public and the insecurities of title became notorious. To remedy which there followed the celebrated Statute of Uses, the State of Enrolment and the Statute of Frauds. Our modern warranty deed is a combination of the old common-law feoffment and the bargain and sale conveyance. The old common-law requirement of a "livery of seisin" is symbolized in the modern deed by the necessity of a delivery of the deed to pass title, all of which was persistently intended to require a notoriety of the vesting of title. Our statutes have directly affirmed these principles and this policy of real property law.

A deed of the freehold must be in writing. Comp. Laws 1913, § 5511. A deed must be delivered in order to pass title. Comp. Laws 1913, § 5495. An express trust relation in real property cannot be created by parol. Comp. Laws 1913, § 5364; Cardiff v. Marquis, 17 N. D. 110, 114 N. W. 1088. Every disposition of real property must be made directly to the person in whom the right to the possession and profits is intended to be vested. Comp. Laws 1913, § 5362. Every person who by virtue of any transfer is entitled to the actual possession of the realty and the receipts of the rents and profits is deemed to have a legal estate therein. Comp. Laws 1913, § 5360. Deeds are required to be recorded to be valid as against subsequent purchasers in good faith, etc. Comp. Laws 1913, § 5594. There can be no question that the policy of the law of this state is to require a notoriety of title. If the principles for which Justice Christianson at least indirectly contends, should obtain, it would be possible for A to receive the delivery of a deed with the grantee's name therein blank. In a day or a month thereafter, A might sell the property to B, and transfer the title to B by turning over this blank deed. B thereafter might again dispose of the property and transmute a pretended title thereto by simply delivering this blank deed to C. Thereafter C might again transfer the property and finally insert thereafter the name of D, the final purchaser who had full notice of the whole transaction. All

during this time the title of A and of B and of C, whatever it may be in law or equity, is covert and secret. Such persons would remain, as far as the records show, in at least a position of security as against claims of creditors or other legal demands. Furthermore, under this theory, if the logic is sound, A might, after he received his deed, insert his name as grantee and the next day change his mind, erase his name and insert the name of B. If he could insert his own name without authority there is no reason why, upon the same grounds of logic and reason, he should not be permitted to erase his own name as grantee and insert thereafter some other name that might suit the exigencies of the situation. We know of no better way of trying to promote a destruction of the fundamental landmarks of real property long established to promote a notoriety of title.

CHRISTIANSON, Ch. J. (concurring specially). I concur in the result reached in the opinion prepared by Mr. Justice Bronson, but am not prepared to hold that Brugman is without authority to insert the name of the proper grantee in the blank space provided for that purpose in the deed which he received from the owners of the land. Of course no one will contend that a deed without a grantee is a valid deed. But it does not follow that a person who negotiates for the purchase of land pays the consideration agreed upon, and receives from the owner a deed complete and fully executed, save that the name of the grantee is left blank, is without authority to insert the name of the proper grantee therein. Unquestionably the authorities are in conflict. Some of the courts—including that of our sister state South Dakota—have held, not only that a deed wherein the name of the grantee is left blank is void, but that the blank left for that purpose in the deed cannot be filled in, except by an agent authorized in writing to do so. Lund v. Thackery, 18 S. D. 113, 99 N. W. 851. This rule does not, however, seem to have the support of the weight of prevailing current authority. The Supreme Court of the United States said: "Although it was at one time doubted whether a parol authority was adequate to authorize an alteration or addition to a sealed instrument, the better opinion at this day is that the power is sufficient." Drury v. Foster, 2 Wall. 24, 17 L. ed. 780. The opinion in White v. Vermont & M. R. Co. 21 How. 578, 16 L. ed. 223, is to the same effect.

Mr. Dembitz (Dembitz, Land Titles, 242), believes the old "doctrine not now recognized in most of the states, but is generally exploded as too technical to fit into modern American law." Judge Redfield condemned the old rule, saying it was technical, rather than substantial, and that the prevailing current of American authority and the practical instincts and business experience of our people are undoubtedly otherwise. 1 Redfield, Railways, 124. See also Lafferty v. Lafferty, 42 W. Va. 783, 26 S. E. 262; Lamar v. Simpson, 18 S. C. Eq. (1 Rich.) 71, 42 Am. Dec. 345; South Berwick v. Huntress, 53 Me. 90, 87 Am. Dec. 535; Seifert v. Lanz, 29 N. D. 139, 150 N. W. 568. In Texas it has been held that the authority to fill in the name of the grantee in the blank provided for that purpose is "a power coupled with an interest," vested by the vendor in the purchaser for the latter's benefit, and therefore irrevocable, which passes to successive purchasers. Fennimore v. Ingham, — Tex. Civ. App. —, 181 S. W. 513. See also Threadgill v. Butler, 60 Tex. 599; Schleicher v. Runge, — Tex. Civ. App. —, 37 S. W. 982.

Of course, in those jurisdictions in which it has been held that written authority is necessary, the question of implied authority cannot arise; but in those jurisdictions in which parol authority is held to be sufficient, the question has frequently arisen as to whether, in absence of specific parol instructions, an implied authority is conferred upon the person to whom the instrument is delivered to fill in the blank. In Hall v. Kary, 133 Iowa, 465, 119 Am. St. Rep. 639, 110 N. W. 930, the supreme court of Iowa announced as the settled law of that state that a deed in which the name of the grantee is left blank, but otherwise fully executed, vests title in the person whose name is subsequently inserted therein by the one to whom it is delivered. The supreme court of Minnesota, in Board of Education v. Hughes, 118 Minn. 404, 41 L.R.A.(N.S.) 637, 136 N. W. 1095, held that where a grantor receives and retains the consideration and delivers to the purchaser a deed, complete and fully executed save that a blank space for the name of the grantee is not filled out, the purchaser has implied authority to fill the blank. The same rule prevails in Nebraska. See Montgomery v. Dresher, 90 Neb. 632, 38 L.R.A.(N.S.) 423, 134 N. W. 251.

I have not entered into the foregoing discussion to obtain a deter-

mination of what constitutes a "proper authorization" to insert the name of the grantee in a deed (complete and fully executed save that the name of the grantee is left blank), but to show the importance of, and the divergent views upon, this proposition. In my opinion the question is not necessarily involved, nor should it be determined, in this case. The question, however, is one of importance. It has never been determined by this court. And in my opinion it should be determined only when it becomes necessary to do so, and after full argument and consideration.

I concur in all of the remainder of the opinion prepared by Mr. Justice Bronson, and for the reasons there advanced I am of the opinion that the plaintiff is not entitled to have specific performance enforced against the defendants, even though he has implied authority to insert either his own name or the name of the defendants as grantee in the deed which he received from the record owners of the land.