FRANK F. SPILMAN and Sadie Spilman, Appellants, v. NEW ROCKFORD INVESTMENT COMPANY OF NEW ROCKFORD, NORTH DAKOTA, a Corporation, Respondent.

(201 N. W. 691.)

**Vendor and purchaser — purchasers assigning contract held not entitled to recover purchase price from assignee on their failure to procure vendor's consent; vendor held not estopped from asserting non-consent to assignment of contract.**

1. Where A. purchases land from B. under a contract for a deed; and A. enters into a contract with C. whereby A. agrees to convey the same premises by a deed of quitclaim and also to assign his contract with B; and where the contract between A. and B., provides that the same may not be assigned without the written consent of B; it is *held:*

(a) That an assignment without the written consent of B., there being no other evidence of consent, does not comply with the contract between A. and C. and that A. cannot recover the purchase price from C. because of such noncompliance.

(b) For reasons stated in the opinion, it cannot be said as a matter of law that B. would be estopped to assert that the assignment was made without her consent.

Opinion filed December 31, 1924.

Estoppel, 21 C. J. § 269 p. 1252 n. 93. Specific Performance, 36 Cyc. p. 636 n. 63. Vendor and Purchaser, 39 Cyc. p. 1665 n. 33; p. 1672 n. 92.

Appeal from the District Court of Eddy County, *Jansonius,* J.

Defendant appeals from a judgment and order denying motion for a new trial.

Affirmed.

*John A. Jorgenson,* for appellants.

"Although time is of the essence of the contract, a strict performance may be waived by the party entitled to insist upon it."

"Even where time is of the essence by express stipulation in the contract itself, and such waiver may be either in writing or by parol." 39 Cyc. p. 1445, notes 15–17.

"Although time is originally of the essence of the contract, a strict performance may be waived." Coles v. Shepard, 30 Minn. 446, 16 N. W. 153; Robinson v. Cheney, 17 Neb. 673, 24 N. W. 378; Hunter v.

Daniel, 4 Hare, 420, 9 Jur. 520, 14 L. J. Ch. 194, 67 Eng. Reprint, 712.

The conduct of the parties, after execution of the contract, may amount to a construction by them of the original contract and who that they understood and regarded that time was not of its essence. Taylor v. Baldwin, 27 Ga. 438, 73 Am. Dec. 736; Walker v. Owens, 25 Mo. App. 587; Thompson v. Keller (N. J. Ch. 1899) 42 Atl. 1043.

It is ordinarily held, also, that an express provision making time of the essence of the contract is for the benefit of the vendor alone. Newton v. Hull, 90 Cal. 487, 27 Pac. 429 (disapproving Cleary v. Floger, 84 Cal. 316, 24 Pac. 280, 18 Am. St. Rep. 187); Forwerk v. Notle, 87 Cal. 236, 25 Pac. 412; Scott v. Glen, 98 Cal. 168, 32 Pac. 983.

A provision in a contract for the sale of land that no assignment shall be valid or that it may only be assigned with the written consent of the vendor may be expressly or impliedly waived by the vendor. Ross v. Page, 11 N. D. 458, 92 N. W. 822; 39 Cyc. 1675, note 17 and cases cited.

In order to justify rescission there must be a breach of some *material* provision of the contract. Haymes v. Fuller, 40 Me. 162; Lewis v. Brookdale, 124 Mo. 672, 28 S. W. 324; Umberg v. Neinken, 128 App. Div. 165, 112 N. Y. Supp. 618; Powell v. Barry, 91 Va. 568, 22 S. E. 365.

Purchaser waives his right to rescind by failure to exercise it promptly on discovery of the ground. 39 Cyc. 1430.

Where the purchaser has failed to rescind for nonperformance at the stipulated time, he cannot subsequently rescind without giving notice to the vendor and allowing reasonable time for performance. Holt's Appeal, 98 Pa. 257; Williams v. Thomas, 7 Kulp (Pa.) 371; Shonsey v. Clayton (Neb.) 187 N. W. 113.

The general rule is that, in order to enable the purchaser to rescind for a breach of contract by the vendor, he must have performed or tendered performance of concurrent covenants and demanded performance by the vendor. 39 Cyc. 1422, notes 32, 33, and cases cited.

The doctrine that the interest of the purchaser under a land contract for an interest in lands, is within the meaning of the statute of frauds, and that accordingly a transfer thereof must be evidenced

by writing, seems to be thoroughly established. Notes in 19 L.R.A. (N.S.) 879, 102 Am. St. Rep. 232 and 14 Ann. Cas. 729; Stevens v. Cooper, 1 Johns. Ch. 425, 7 Am. Dec. 499.

*Edgar P. Mattson* and *M. J. Bothne* for respondent.

"The vendee's covenant to pay was dependent and concurrent with vendor's covenant to convey, and hence the vendors could not recover damages for the vendee's alleged breach of contract without tendering a deed and an abstract showing a valid title." Ink v. Rohrig (S. D.) 122 N. W. 594.

"On breach by a vendee of an executory contract for the sale of land, a recovery of the contract price in a court of law can only be on the tender of a proper deed of conveyance, and production of such deed in court for the use of the vendee." Prichard v. Mulhall (Iowa) 103 N. W. 774.

"It is a well settled rule that, where the covenants as to the payment of the purchase price or a portion thereof, and as to the conveyance of the title, are mutual and dependent, the vendor cannot maintain an action for the purchase price due without first conveying or tendering a deed, or at least alleging a readiness and willingness to perform; and if the purchaser dies during the continuance of such contract the tender must be made to his heirs." 39 Cyc. 1907, 1908 and citations.

"The mutual rights and obligations of the parties to a written contract for the purchase and sale of real estate may be waived and the contract annulled and extinguished by parol." Mahon v. Leech, 11 N. D. 181, 90 N. W. 807.

"Where either party has orally agreed to abandon or rescind a contract for the sale of lands, and such agreement is acquiesced in, such party cannot thereafter maintain an action to enforce the contract". Henderson v. Beatty (Iowa) 99 N. W. 716.

"Where the assignment is by a written instrument, simply signing or acknowledging the instrument is not sufficient to transfer the property, and delivery of the instrument is necessary to complete the assignment. So the mere indorsement of a transfer on an instrument, without proof of delivery, will not be sufficient to establish the assignment thereof. The reason is that the instrument must be made oper-

ative as in the case of any other contract." 5 C. J. 907, 908 and cases therein cited.

"The findings of the trial court on the facts will not be reversed on appeal, if there is any substantial evidence to sustain them." State v. Banks, 24 N. D. 21, 138 N. W. 973.

"Findings of the trial court come here with all the presumptions in favor of their correctness and with the burden resting upon the party alleging error of demonstrating the existence of such error. He must be able to show this court that such finding is against the preponderance of the testimony, and where the finding is based upon parol evidence, it will not be disturbed, unless clearly and unquestionably opposed to the preponderance of the testimony." State Bank v. Maier, 34 N. D. 259, 158 N. W. 346; Lloyd Mortg. Co. v. Davis (N. D.) 199 N. W. 869.

JOHNSON, J. This is an action to recover $1,110.34, alleged to be due plaintiff upon a contract entered into on the 19th day of February, 1921. No facts are alleged in the complaint showing the nature of the transaction. The defendant answered alleging in substance that on the 19th day of February 1921 the parties entered into an agreement in writing for the sale, by the plaintiffs, and purchase by the defendant, of a tract of land described therein; that the contract provided that a deed of quitclaim and an assignment of a contract for deed of the premises, executed to plaintiffs by one Julia Gulick, should be left in escrow with a bank at New Rockford, to be delivered to the defendant upon payment by it of the sum of $1,110.34, on November 1, 1921; that thereafter the parties agreed to extend the time of payment to July 1, 1922. It is alleged that the plaintiffs wholly failed to perform their part of the agreement and did not deposit the deed, or the assignment, in escrow as agreed, and that on July 1, 1922, when the defendant was ready, able and willing to perform its part of the agreement, and to pay the consideration then due, the deed to the land, and the assignment of the land contract, had not been deposited in escrow and were not available, and that, therefore, the contract could not be performed. It is then alleged that, by mutual agreement, thereafter, the contract for deed was in all things cancelled and annulled by the parties.

The parties have treated the action as one in equity.

The case was tried to the court, and findings of fact, conclusions of law and order for judgment made in favor of the defendant. The court found that a contract had been entered into as alleged in the answer; that the time of payment of the balance of the consideration, i. e. $1,110.34 was extended, by written agreement, from November 1, 1921, to July 1, 1922; that on or about July 1, 1922, the defendant called at the bank, where the quitclaim deed and the assignment of the Gulick-Spilman land contract should have been deposited, and found that such instruments of title had not been placed in such bank and were not deposited therein until May 4, 1923; that the contract between the plaintiffs and Gulick, which was to be assigned to the defendant by plaintiffs, provided as follows: "That no assignment of the premises, or any part thereof, or of any contract, or any pledge thereof shall be valid unless the consent of said party of the first part shall be endorsed thereon or permanently attached thereto." The court then finds that the purported assignment, which was prepared by the plaintiffs and which should have been, but was not, left in escrow, did not have any endorsement thereon by the said Gulick authorizing or consenting to an assignment. The court found that the plaintiffs failed to perform their part of the agreement; also that the agreement was cancelled by the parties late in the fall of 1922 and had terminated and ceased to be of any effect at the time of the trial. A trial de novo is asked in this court.

It is contended by the plaintiffs that the court erred in making its findings; that the plaintiffs substantially complied with the contract; that the provision that time was of the essence thereof was waived, and that the endorsement of consent to the assignment of the Spilman-Gulick land contract, was waived, and, that Julia Gulick is estopped from attacking the assignment for want of consent thereto. Other errors are alleged, based upon rulings on objections to evidence, but, for reasons that will presently appear, do not require discussion.

The record owner of the land involved in this controversy is Julia A. E. Gulick. On May 15, 1916, she entered into a contract for a deed, whereby she agreed to sell the premises to Frank Spilman for a certain consideration therein specified. One F. F. Jewett signs her name to his contract as "her attorney in fact." When the deal was

made with the defendant by the plaintiffs, on February 19, 1921, it was agreed that plaintiffs would assign the Gulick land contract to the defendant, execute a quitclaim deed conveying all of their interest in the premises, and deposit the assignment and the deed with a bank at New Rockford, with instructions to deliver the same to the defendant on November 1, 1921, upon its paying to the bank the sum of $1,110.34, and interest. Defendant assumed certain obligations under the Gulick-Spilman contract which had not been fully performed by plaintiff Frank Spilman. On May 4, 1923, the quitclaim deed and a purported assignment of the Gulick-Spilman land contract were deposited in escrow with the New Rockford bank, named in the original contract between the parties to this litigation. This action was started a few days later. The assignment does not bear an endorsement by Julia Gulick, or her attorney in fact, consenting to the transfer. Defendant contends that the omission of this endorsement is a substantial breach of the contract for a deed; that it affects the title; and that the plaintiffs cannot recover the purchase price. Answering this contention, plaintiffs assert that Julia Gulick is estopped from questioning the validity of the transfer and refer to correspondence and transactions with one Jewett, alleged to have been her attorney in fact, which tend to show that he knew that the plaintiffs had attempted to assign to the defendant their interest under the Gulick-Spilman contract. It does not appear that Jewett raised any question on account of the absence of written consent to the assignment. The nature and extent of Jewett's original authority do not appear; whether he had the same authority in 1916, when the Gulick-Spilman land contract was executed, as in 1921 and 1922, when the letters were exchanged, the record does not disclose. Defendant apparently had no correspondence with Julia Gulick personally.

Possibly the defendant might be able to vindicate his title to the premises notwithstanding the absence of a written consent. Nevertheless, it had a right to insist that the transfer of plaintiffs' interest under the Gulick-Spilman land contract be made in such form as to satisfy the requirements both of the law and of the subsisting contract by virtue of which plaintiffs acquired from the record owner such interest as they had in in the premises. Under the contract, defendant was not obliged to take the risk that Julia Gulick would

raise no objections, or, if she raised them, that a court would hold that she was estopped from asserting them. This was a material and important condition with which the plaintiffs at no time have complied, or offered to comply.

Plaintiffs seek to meet the defense of insufficient assignment by invoking the doctrine of waiver and estoppel. Julia Gulick is not a party to this law suit. Whether she has waived or is precluded from asserting any rights under the Gulick-Spilman contract, depends on many facts and circumstances to be established by proof, but on which the record is devoid of adequate evidence. The trial court could not foreclose any rights she may have had under that contract in a suit to which she was neither a necessary party nor a party in fact, under the evidence in the record. In Mullins v. Aiken, 2 Heisk. 535, where the facts showing an estoppel were much stronger than here, the court says:

"While it is a well settled principle that in a Court of Equity, Ivey would not be permitted to assert his title as against parties thus misled by him, and possibly even in a court of law, yet we cannot assent to the doctrine that an estoppel, dependent upon facts to be proved by witnesses who may die at any time, or whose memory may fail, or who may have removed out of the reach of the party needing them, when his title is to be maintained, is such a title as a Court of Equity would compel a vendee to accept under a contract for a good title."

In 36 Cyc. 636, it is said:

"The opinion of the chancellor or of the appellate court can have little if any curative effect upon a doubtful title where the doubt relates to a matter of fact; since a disputed fact may be proved in one litigation to-day and disproved in another between different parties to-morrow."

See also Brugman v. Charlson, 44 N. D. 114, 4 A.L.R. 400, 171 N. W. 882; Kostenbader v. Spotts, 80 Pa. 430, 434; Cross v. Buskirk-Rutledge Lumber Co. 139 Tenn. 79, 201 S. W. 144, Ann. Cas. 1918D, 983; Hoover v. Pontz, 271 Pa. 285, 114 Atl. 522.

We think the findings of the trial court are amply supported by competent evidence. Indeed, there is no dispute on the one issue which we deem determinative of the lawsuit, namely, that Julia Gulick never consented to the assignment of the Gulick-Spilman contract. Plain-

tiffs clearly have not complied with and executed their contract. The judgment of the trial court is affirmed.

NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.

BRONSON, Ch. J., concurs in result.