2409 BROADWAY CORPORATION, Plaintiff, *v.* HERMAN LANGE and Others, Defendants.

Supreme Court, New York County, June 22, 1926.

**Vendor and purchaser — action by buyer for specific performance or, in alternative, to have payment down declared lien — plaintiff's objection to tender of deed that there was no proof that grantors, who were on ocean at time, were living, is not good — deed executed in blank as to grantors' name — parol authority to fill in name of grantee is sufficient — acknowledgment of deed with blank grantee not improper under Real Property Law, § 303 — plaintiff not entitled to recover down payment under circumstances.**

In an action by a buyer to compel specific performance of a land contract or, in the alternative, to have a payment down declared to be a lien on the property, the buyer's objection to a tender of the deed that there was no proof that the grantors who were at the time on the ocean were alive, is without force and was not a valid objection.

A further objection that the grantors' deed is not an acknowledged deed in blank so far as the grantee's name was concerned is without force, for the grantors

had the right by parole to authorize their attorney to fill in the name of the grantee before delivery of the deed.

The acknowledgment of the deed before the grantee's name was inserted was not invalid under section 303 of the Real Property Law.

Under the circumstances of the case, which are that the purchaser refused to permit an adjournment on the closing date so that the grantors could be present in answer to its objection that there was no proof that they were alive, and in view of the fact that all of the objections of the purchaser had no validity, and that they took no step until after the vendor had made arrangements to sell the property at a less price, leads to the conclusion that the purchaser is not entitled to recover the down payment made, since it unjustifiably violated its contract.

ACTION for specific performance of contract to purchase real estate.

*Abraham N. Geller* [*Samuel Dorfman* and *Herman W. Bernstein* of counsel], for the plaintiff.

*Elfers, Abberley & Bryde* [*Herman Elfers* of counsel], for the defendants.

BIJUR, J. Plaintiff brought this action for specific performance, or, in the alternative, for the declaration of a lien in his favor for the sum of $5,000, part payment on a contract to purchase real estate from the defendants. On the closing date plaintiff's attorney refused to accept defendants' tendered deed on two grounds now in controversy. Although a third ground was mentioned, it has since been abandoned, and the second while not specifically stated at the time of the closing is nevertheless now presented. Defendants' attorney tendered a deed which had been acknowledged by the vendors some months previously and contained a blank for the name of the grantee, although there is a dispute whether the defendants' deed was tendered with the name of the grantee in blank or whether defendants' attorney first filled in the blank with the name suggested by plaintiff's attorney and then made the tender. I believe the latter to have been the fact.

The buyer's first objection was that there was nothing to show that the grantors, who were on the high seas at the time, were alive at that moment. While " it is not possible to say that there is a genuine presumption of life, with a uniform application " (Wigm. Ev. [2d ed.] § 2531), " the proof of the fact lies on the party who asserts the death. " (*Wilson* v. *Hodges*, 2 East, 312, 313; Thayer Ev. 319; *Rosenblum* v. *Eisenberg*, 123 App. Div. 896.) Moreover, in the case at bar, where plaintiff's equitable title would not be affected by the death of the owner, but would in any case be enforcible against the heir at law or the devisee and the executors (*Potter* v. *Ellice*, 48 N. Y. 321), no inequitable result could follow

whether the grantor was or was not dead at the moment of delivery of the deed. Business would be well nigh suspended if parties without any ground for suspicion could prevent the consummation of contracts by suddenly requiring proof that an absent principal presumably in good health is actually alive. Such claims suggest merely a desire to secure delay.

The second objection is that the grantors signed and acknowledged the deed in blank three months before the closing date, that the seller's attorney tendered the buyer the deed without a named grantee, and that the attorney had no right to fill in the blank so as to tender a valid deed, although he had parol authority to that effect. The law is in some confusion on this point. (3 Washb. Real Prop. [6th ed.] 217, § 2091.) There is no controlling case in New York. After a review of the cases Washburn (op. cit. § 2093) writes: " The better opinion seems to be that such parol authority is sufficient to authorize the filling in of blanks, before an actual delivery, the possession of the agent being that of the grantor." The Court of Appeals in *Chauncey* v. *Arnold* (24 N. Y. 330, 336) expressly approved of the rule in *Texira* v. *Evans* (not reported, but cited in *Master* v. *Miller,* 1 Anstr. 225, 228), and declared it to be settled law in this State. " This case establishes the rule that an authority to an agent to fill up and complete a deed and deliver the same, may be shown by parol, and, if duly proved, is sufficient to give force and validity to the deed in the hands of a party who has received the same for value and without fraud." (*Chauncey* v. *Arnold, supra.*) In *Hemmenway* v. *Mulock* (56 How. Pr. 38) the court held that a grantor was estopped from denying the validity of a bond and mortgage which was questioned because the mortgagee's name had not been inserted at the time the instrument was executed. (See, also, *Lamb* v. *Lamb,* 18 App. Div. 250, 260; *March* v. *Marasco,* 165 id. 348, in which there was no authority proved, and 2 Tiffany Real Prop. [2d ed.] 1597–1603.) Plaintiff has cited, among other cases, *Brugman* v. *Charlson* (44 N. D. 114). I find nothing held in that case contrary to the views hereinabove expressed.

Plaintiff also makes a subsidiary contention that section 303 of the Real Property Law, providing how acknowledgments of a conveyance must be taken, substantially forbids the acknowledgment of a deed containing any blank. I doubt whether the conclusion urged follows even from the language of the section, but at all events it would be a strained construction to regard provisions defining the method of taking acknowledgments to deeds as establishing or changing the substantive law in relation thereto. Finally, as a general consideration affecting both objections put

forward by plaintiff, it must be borne in mind that a deed is not effective until delivered, and if plaintiff's counsel is right in his views it would be puzzling to determine how a real estate transaction could ever be effectuated without the presence of both parties in person.

Passing to a different phase of the case, plaintiff urges that " equity will not permit the defendant to retain both land and the deposit." In large part the argument hereon presupposes that defendants were in default and that in any event a failure on their part to tender a proper deed later — even if their delay was excusable — is fatal to their right to retain the partial payment. As matter of fact, however, plaintiff's attorney undertook to make his position on the closing date, " the law day," July 6, 1925, final, refused to grant an adjournment, and said substantially that the matter must be closed then or be regarded as ended. This was in response to the request of defendants' attorney for a week's delay, by which time he promised to have the absent vendors actually present. As matter of fact, eight days later defendants had returned, and their attorney wrote to the plaintiff that they were ready to close the title in a manner satisfactory to plaintiff's attorney. No communication was received from the latter, however, nor anything heard from plaintiff until December, 1925, when he claims to have notified the defendants that he had begun an action for specific performance. This is denied. Meanwhile, on December twenty-second, defendants had entered into a contract for the sale of the property for a smaller amount than that provided in the contract with plaintiff. The present action was not begun until the middle of January, 1926.

In my opinion plaintiff, having refused to take upon objections which were untenable, is in no position to obtain any relief from this court. (*Simon* v. *Kaliske,* 6 Abb. Pr. [N. S.] 224; *Page* v. *McDonnell,* 55 N. Y. 299, 303; *Lawrence* v. *Miller,* 86 id. 131, 140.) But if support for defendants' position be needed, their offer within a short time to perform in the precise manner suggested by plaintiff's attorney, notwithstanding the finality of his objection on the closing day, may be taken into consideration. Finally, a delay of six months in asserting any rights in the premises until (accepting even plaintiff's version of the occurrence) defendants were just about to sell the property — or, as appears more probable, after such sale had been contracted for — disposes of any possibility of a determination favorable to plaintiff's present claims.

Complaint dismissed on the merits, with costs. Submit findings and judgment.